In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-216 CR


____________________



SIDNEY EUGENE TRAHAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 260th District Court


Orange County, Texas


Trial Court No. D-020436-R






MEMORANDUM OPINION


 A jury found Sidney Eugene Trahan guilty of sexual assault. Trahan pleaded "not
true" to an enhancement alleging a prior Louisiana conviction for Molestation of a
Juvenile. The jury found the enhancement allegation to be true, and, pursuant to Tex.
Pen. Code Ann. § 12.42(c)(2) (Vernon Supp. 2005), the trial court sentenced Trahan to
life imprisonment. Appellant raises two issues on appeal. 

 Trahan first argues the evidence was legally and factually insufficient to support his
conviction for sexual assault. The elements of sexual assault pertinent to this case are the
following: (1) A person (2) intentionally or knowingly, (3) caused the penetration of the
sexual organ of a child (4) by the person's sexual organ. Tex. Pen. Code Ann. §
22.011(a)(2)(A) (Vernon Supp. 2005). Appellant denies committing the act. 

 In a legal sufficiency review, we consider all of the evidence in the light most
favorable to the verdict and then determine whether a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Escamilla v. State,
143 S.W.3d 814, 817 (Tex.Crim.App. 2004) (citing Jackson v. Virginia, 443 U.S. 307,
319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In a factual sufficiency review, we view all
of the evidence in a neutral light, and we will set the verdict aside only if the evidence is
so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence
is so strong that the standard of proof beyond a reasonable doubt could not have been met. 
Escamilla, 143 S.W.3d at 817. The jury is the trier of the facts. Tex. Code Crim. Proc.
Ann. art. 36.13 (Vernon 1981); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App.
1997).

 The complainant SS, a sixteen year old mentally handicapped female, testified at
trial. (1) She confirmed Trahan came in her room one morning, pulled his pants down, and
"sexed her." She told him to stop. He stopped when her brother, Billy, opened the door
and looked in. SS indicated she and Trahan were under the covers; he was on top of her,
and he put his sexual organ inside of her. SS testified she "was scared." 

 Billy testified at trial. He acknowledged he had been convicted of six felonies, (2)
admitted he smoked marijuana in the home, and was incarcerated at the time of trial. On
the morning of the alleged offense, seventeen year old Billy went to check on then fourteen
year old SS when he did not find her watching cartoons in the living room. Opening her
bedroom door, Billy saw Trahan "under the covers on top of [SS]; and [Trahan] froze up
when [Billy] walked in." Billy testified that although he could not see what was going on
under the covers, he could tell Trahan was lying on top of SS with his waist between her
legs. Believing Trahan was sexually assaulting SS, Billy slammed the door and "went
looking for [his] gun[,]" because, as he explained, "I was going to kill him." Billy's
girlfriend, Theresa, testified Billy was "trembling with anger [and] fear" after coming
from SS's bedroom. Billy told Theresa to check on SS. Theresa indicated when she went
to the bedroom, she found SS on the bed under the covers. Sitting on the side of the bed,
Trahan was wearing shorts and a shirt and had no shoes on. "He had his hand in the back
of him like he was rubbing on her leg, maybe." "It looked like it was on her inner thigh."
Theresa observed Trahan take his hand off SS. On cross examination, she acknowledged
he could have been scratching his back. Theresa testified Trahan was "shocked, like
maybe surprised[,]" and SS "looked nervous." 

 Billy talked to SS and called the police after she told him Trahan had sex with her. 
Theresa testified she tried to comfort SS after Trahan left. SS was crying and told Theresa
"[h]e had sex with me, Resa." Her exact words were "[h]e sexed me." Theresa told
police SS said Trahan told her he would hurt her if she told anyone. 

 SS's mother testified Trahan had been staying at her home. That morning, her son
Billy told her what he had seen. Billy was "very mad," "very upset," "[s]haking." He
was looking for the gun. After the police were called, SS's mother took SS to the hospital
to be examined by the "sexual assault nurse examiner." The nurse testified SS "was
crying. She was very upset, wasn't sure exactly what was going on and what was going
to happen." The pelvic exam is the last exam the nurse performed; visibly upset, SS
would not allow the nurse to complete the exam. The nurse's notes state, SS "[c]ould not
tolerate pelvic exam and no trauma noted to external area[.]" 

 The defense offered various defensive theories, sought to impeach Billy's testimony,
and pointed out inconsistencies in the testimony of the State's witnesses. Two witnesses
testified Trahan remained in the area during May 2002. The implication was that Trahan's
continued presence in the area supported the defense theory of innocence. Another
defensive theory was that the residents of the home feared Billy and testified to what he
wanted. Both Billy's mother and his girlfriend indicated they had problems with Billy, and
he acknowledged he was at times violent. Theresa indicated she was afraid of Billy; they
had numerous fights; and she thought he was crazy. The mother indicated Billy was not
always truthful. 

 The jury has the responsibility to fairly resolve conflicts in the evidence, to weigh
the evidence, and to draw reasonable inferences from the evidence. Threadgill v. State,
146 S.W.3d 654, 663 (Tex. Crim. App. 2004) (citing Garcia v. State, 57 S.W.3d 436, 441
(Tex. Crim. App. 2001)). Based on SS's direct testimony, along with Billy's and
Theresa's description of what they saw in the bedroom and what SS told them, the jury
could have found the elements of sexual assault beyond a reasonable doubt. Further, the
evidence, when viewed in a neutral light is not so weak that the verdict is clearly wrong
and manifestly unjust; and the contrary evidence, primarily the impeachment evidence, is
not so strong that the standard of proof beyond a reasonable doubt could not have been
met. Issue one is overruled.

 In issue two, Trahan argues that the trial court abused its discretion in allowing
enhancement of his punishment, and that there was "insufficient evidence proving the prior
conviction to support the [jury verdict]." The argument challenges the sufficiency of the
evidence to support the verdict, and specifically the sufficiency of the proof of the prior
conviction. We employ the legal and sufficiency standards as set out in issue one. During
the punishment phase of the trial, the State introduced evidence of a prior Louisiana 
conviction for "Molestation of a Juvenile." See La. Rev. Stat. Ann. § 14.81.2 (West
2004). Unless established otherwise, we presume that the other state's law is the same as
Texas law regarding what constitutes sufficient proof of a final conviction. See Langston
v. State, 776 S.W.2d 586, 587-88 (Tex. Crim. App. 1989). 

 Generally, to establish that a defendant has been convicted previously, the State
must come forward with two categories of proof: (a) proof there was a prior final
conviction; and (b) proof linking the defendant to that conviction. See id.; see also Beck
v. State, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). The Texas Penal Code provides
that a life sentence must be assessed to a defendant who commits a sexual assault if that
defendant has been "previously convicted" of an offense under another state's laws
"containing elements that are substantially similar to the elements of [among others,
indecency with a child, sexual assault, or aggravated sexual assault]." See Tex. Pen.
Code Ann. § 12.42(c)(2)(B)(v) (Vernon Supp. 2005); Scott v. State, 55 S.W.3d 593, 595
(Tex. Crim. App. 2001). Section 12.42(g) sets out the meaning of "previously
convicted"in this context: 

 (1) a defendant has been previously convicted of an offense listed under
Subsection [12.42](c)(2)(B) if the defendant was adjudged guilty of the
offense or entered a plea of guilty or nolo contendere in return for a grant
of deferred adjudication, regardless of whether the sentence for the offense
was ever imposed or whether the sentence was probated and the defendant
was subsequently discharged from community supervision; and


 (2) a conviction under the laws of another state for an offense containing
elements that are substantially similar to the elements of an offense listed
under Subsection (c)(2)(B) is a conviction of an offense listed under
Subsection (c)(2)(B). 

Tex. Pen. Code Ann. § 12.42(g) (Vernon Supp. 2005). As applied to the circumstances
in this case, a person is "previously convicted" if upon adjudication of guilt, he is given
regular probation, whether or not he successfully completes the probation. 

 Seeking evidence to prove up the prior conviction, the State requested by letter to
the Louisiana State Police "certified copies of the judgment and/or orders of the deferred
adjudication on [Sidney Eugene Trahan]" along with "certified copies of the complaint and
information or indictment, any waivers and any fingerprints on [Trahan]." Admitted
without objection, State's Exhibit 9 consisted of fingerprint cards and a listing of the
criminal history of Sidney Trahan. This document, which is entitled "Investigative
Report" followed by the heading "Criminal Record of: Trahan, Sidney E[,]" contains
identifying information such as race, sex, height, weight, hair color, eye color, and social
security number. We set out some other parts of the document below:

Criminal Record of: Trahan, Sidney E

. . . .

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 

A R R E S T Name: TRAHAN, SIDNEY E CCH IDX: 30714019

 Arrest Date: 10/15/1997 LID:00047257 AFIS ATN: 100019703287

 Arrest Agency: PD DEQUINCY LA

 Charge 1 Counts 1

 R.S. 39:1104 WARRANT FOR MOLESTATION OF JUVENILE 

 WARR NUMBER 132290

 DQPD

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

A R R E S T Name: TRAHAN, SIDNEY E CCH IDX: 32464466

 Arrest Date: 01/20/2000 LID: CS658498 AFIS ATN:

 Arrest Agency: DOC LAKE CHARLES LA

 Charge 1 R.S. 14:81.2 MOLESTATION OF A JUVENILE [(F] Counts 1

 Disposition: 10-22-99, 7 YRS LA DOC, SUSP, 5 YRS ASP, BEG 10-22-99, ENDS

 10-21-2004. 5/11/2001 PROB WAS REVOKED ON 5/4/2001

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

A R R E S T Name: TRAHAN, SIDNEY E CCH IDX: 32776696

 Arrest Date: 05/23/2001 LID: 00000000 AFIS ATN:100010102663

 Arrest Agency: SO LAKE CHARLES LA

 Charge 1 R.S. DCID DOC ID VERIFICATION Counts 1

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

A R R E S T Name: TRAHAN, SIDNEY E CCH IDX: 32787708

 Arrest Date: 06/06/2001 LID: 00000850 AFIS ATN: DCLC10100417

 Arrest Agency: DOC LAKE CHARLES LA

 Charge 1 Counts 1

 R.S. PROB PROBATION FOR ARREST OF 10 15 97 BY PD DEQUINCY LA 
MOLESTATION OF A JUVENILE FELONY 05 04 2001 CSU 658498 7 YRS DOC 
 ALL BUT 6 MONTHS

 SUSP 5 YRS ASP AFTER RELEASE WITH SPEC COND PROB BEGINS 06 05 
 2001 PROB ENDS 06 04 2006

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 

A R R E S T Name: TRAHAN, SIDNEY E CCH IDX: 32865349

 Arrest Date: 09/17/2001 LID: 00077777 AFIS ATN: 060010101195

[A]rrest Agency: SO BEAUREGARD, LA

 Charge 1 R.S. 15:542 REGISTRATION OF SEX OFFENDERS Counts 1


When the State offered Exhibit 9 into evidence, the following exchange occurred between 


the prosecutor and Lynn Arceneaux the State's fingerprint expert: 


 Q. (Prosecutor): I'll show you what's been marked as State's Exhibit No. 9. 
Can you identify that?

 A. (Lynn Arceneaux): Yes, sir, I can.

 Q. What is it?

 A. It's a packet of information. It also contains fingerprints.

 Q. Okay. So, it contains a set of fingerprints. Were those prints made by
Sidney E. Trahan who was convicted of molestation of a juvenile in the 14th
Judicial district Court of Calcasieu Parish, Louisiana?

 A. That's what it says on here, yes, sir. 

 . . . .

 (Prosecutor): Your Honor, State would offer State's Exhibit No. 9 into
evidence.

 (Defense Counsel): We have no objection.

 (The Court): All right. Admitted. 


Arceneaux also testified fingerprints taken from Trahan on the day of trial matched the
fingerprints on State's Exhibit 9. No objection was raised to Arceneaux's testimony. 

 Evidence of the conviction that is the functional equivalent of the judgment and
sentence required by Texas law may be used to prove up a valid conviction. See Mitchell
v. State, 848 S.W.2d 917, 918-19 (Tex. App.--Texarkana 1993, pet ref'd). Similarly,
there are a number of methods by which the State may prove identity for purposes of the
prior conviction. See Littles v. State, 726 S.W.2d 26, 31 (Tex. Crim. App. 1987, opinion
on rehearing). The jury had before it evidence of a prior conviction of molestation of
juvenile through Arceneaux's testimony and the records from the Louisiana State Police.
No objection was made to this evidence offered to prove the conviction. The exhibit
apparently indicates Trahan had been placed on probation for the Louisiana offense, and
the probation was revoked. See Johnson v. State, 784 S.W.2d 413, 414 (Tex. Crim. App.
1990) (After the State establishes a defendant has been convicted, it will be presumed the
conviction is final when faced with a silent record). (3) The trial court was asked to and did
find that the offense as submitted to the jury in Exhibit 9 was a "substantially similar"
offense under the laws of another state; appellant does not argue on appeal the offense was
not "substantially similar." The State's evidence linked Trahan to the prior Louisiana
conviction. An expert testified without objection that the fingerprints taken from Trahan
on the day of trial matched those contained in the exhibit. The evidence is sufficient proof
the defendant in this case is the same Sidney Trahan with the prior Louisiana conviction
for molestation of a juvenile. When all the evidence admitted into evidence is viewed in
favor of the verdict, a rational trier of fact could have found beyond a reasonable doubt
Trahan was previously convicted of molestation of a juvenile, and viewing all the evidence
in a neutral light, the evidence is not so weak that the verdict is clearly wrong and
manifestly unjust. See Escamilla v. State, 143 S.W.3d at 817 (legal and factual
sufficiency). Issue two is therefore overruled. 

 The judgment is affirmed. 

 AFFIRMED. 


 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on April 7, 2005

Opinion Delivered July 13, 2005

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. SS's mother testified SS has the mental capacity of a six year old. 
2. The jury heard that Billy had been convicted of two aggravated assaults, felony
assault, unlawful possession of a firearm by a felon, and two counts of retaliation. 
3. We note one court, in opinions not designated for publication, has stated that for
the purpose of assessing punishment pursuant to section 12.42(c)(2), section 12.42(g)
provides that the previous conviction need not be a final conviction. See Jones v. State,
No. 03-99-00610-CR, 2000 Tex. App. LEXIS 7558, at *5 (Tex. App.--Austin 2000, pet.
ref'd) (not designated for publication); Stoeltje v. State, No. 03-99-00608-CR, 2000 Tex.
App. LEXIS 7014, at *6 (Tex. App.--Austin 2000, pet. ref'd)(not designated for
publication). We do not address the issue here, however, given the presumption of finality
from the silent record.