Opinion issued May 3, 2007

















In The

Court of Appeals

For The

First District of Texas






NOS. 01-0501173CR

 010501174CR

 010501175CR 

 010501176CR






WILEY EUGENE MARTIN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause Nos. 05CR0080, 05CR0081, 00CR1595 & 00CR1596





O P I N I O N


 A jury convicted appellant, Wiley Eugene Martin, of four counts of sexual
assault of a child and assessed punishment at 38 years in prison for each count, to be
served concurrently, and a fine of $5,000 for each count. See Tex. Pen. Code Ann.
§ 22.011(a)(2)(A) (Vernon Supp. 2006). In his sole point of error, appellant argues
that the trial court erred in admitting evidence of a prior felony conviction from the
State of North Carolina during the punishment phase. 

 We affirm.Background

 A jury convicted appellant of four counts of sexual assault of a child. In
addition to the primary offense of sexual assault, the enhancement paragraph in each
of the four indictments alleged that appellant had been previously convicted of
"Uttering a Forged Instrument," a felony offense, in the Superior Court of Gaston
County, North Carolina on July 22, 1970. During the punishment phase, appellant
pleaded "not true" to each of the four enhancement paragraphs. 

 As evidence in support of the enhancement paragraph, the State introduced a
North Carolina penitentiary (pen) packet. Appellant's pen packet consists of a copy
of an inmate fingerprint card and summary record. The fingerprint card lists the
crime committed, "Uttering a Forged Instrument," the inmate fingerprinted, "Martin,
Wiley Eugene," and the term of confinement, five to seven years. (1) The inmate
summary record lists the crime committed, "Forgery," and the inmate committed,
"Martin, Wiley E." The sentence date of July 22, 1970, date of birth, sex, race, and
physical description on the fingerprint card match the corresponding data on the
inmate summary record. The State's fingerprint identification expert, Sergeant Mike
Bell of the Galveston County Sheriff's Identification Division, testified that
appellant's fingerprints (2) matched those included in the pen packet. In addition, both
the fingerprint card and the inmate summary record document four escape attempts,
and the inmate summary record includes a release date of April 4, 1976. A manager
of the Combined Record Section of the North Carolina Department of Corrections
certified both the fingerprint card and the inmate summary record as exact copies of
documents that appeared in the files of the Combined Record Section.

 During the punishment phase of trial, appellant objected to the admission of the
pen packet as evidence to support the enhancement paragraph of each indictment
because the packet lacked a properly certified judgment and sentence or a functional
equivalent of a properly certified judgment and sentence for the crime of "Uttering
a Forged Instrument." The trial court admitted the pen packet over appellant's
objection. The jury returned a finding of "true" as to the prior felony conviction in
the enhancement paragraphs of all four indictments.Analysis

 In his sole point of error, appellant argues that, during the punishment phase,
the trial court erred in admitting the State's evidence of his prior conviction. 
Specifically, appellant argues that the North Carolina pen packet was improperly
admitted because it lacked a properly certified judgment and sentence or the
functional equivalent of such a judgment and sentence for the crime of "Uttering a
Forged Instrument." 

 Standard of Review

 Our standard of review for the trial court's decision to admit evidence is abuse
of discretion. See Salazar v. State, 38 S.W.3d 141, 151 (Tex. Crim. App. 2001); see
also Elliot v. State, 858 S.W.2d 478, 488 (Tex. Crim. App. 1993). We will reverse
only if the trial court's decision to admit the evidence was "outside the zone of
reasonable disagreement." Salazar, 38 S.W.3d at 151; Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). 

 Proof of Enhancement

 When the State offers an out-of-state pen packet to prove the existence of a
criminal record during the punishment phase, it has the burden of either offering
proof of our sister state's evidentiary requirements or requesting that the trial court
take judicial notice of those requirements. Langston v. State, 776 S.W.2d 586,
58788 (Tex. Crim. App. 1989). In the absence of such proof or request, we will
presume that the law of our sister state is the same as the law of Texas. Id. Here, the
State offered a North Carolina pen packet to prove appellant's conviction of the
enhancement offense without offering proof of North Carolina's requirements to
prove a final conviction. Additionally, the State did not request that the trial court
take judicial notice of North Carolina's requirements. Accordingly, we will apply
Texas law in analyzing whether the trial court abused its discretion in admitting the
State's pen packet. 

 Under Texas law, in order to establish that the defendant has been convicted
of an enhancement offense, the State must (1) prove the existence of the conviction
and (2) link that conviction to the defendant. Beck v. State, 719 S.W.2d 205, 209-10
(Tex. Crim. App. 1986). Here, while appellant does not argue that the trial court
erred in admitting evidence linking him to the conviction, he does argue that the trial
court erred in admitting the pen packet to prove the existence of the enhancement
conviction itself. 

 To be considered as proof of an enhancement offense in a later case, a pen
packet must contain (1) a properly certified judgment and sentence or (2) the
functional equivalent of a properly certified judgment and sentence. See Langston,
776 S.W.2d at 588. Here, the State's pen packet lacks a properly certified judgment
and sentence, so we must determine whether any of the items in the pen packet could
reasonably be considered a functional equivalent of such a judgment and sentence. 
 Functional Equivalent of Judgment and Sentence

 A pen packet that contains fingerprints and photographs matching the appellant
is a functional equivalent of a judgment and sentence if the included documents are
properly authenticated and representative of a final conviction of the enhancement
offense. See Langston, 776 S.W.2d at 587-88; Banks v. State, 158 S.W.3d 649, 653
(Tex. App.Houston [14th Dist.] 2005, pet. ref'd); Mitchell v. State, 848 S.W.2d
917, 918-19 (Tex. App.Texarkana 1993, pet. ref'd). 

 In Mitchell, the State offered an "Abstract of Judgment" from the court that
detailed the style and number of the case, name of defendant, crime, and term of
confinement. See Mitchell, 848 S.W.2d at 918. The pen packet was certified by the
circuit judge, the records clerk of the penal institution, and the clerk of the circuit
court. Id. The Mitchell court held that because the packet contained documentation
of the crime and appellant's final conviction, as well as proper certification from the
penal institution, the pen packet was properly admitted into evidence. Id. at 918-19. 
 In Langston, the court held that appellant's pen packet was not the functional
equivalent of a judgment and sentence because (1) it was missing documents that the
certification purported to be included in the admitted pen packet; (2) it included an
order that granted appellant's motion to stay the execution of his sentence while a
decision on probation was pending; and (3) it included a "commitment order" that did
not list the offense or state whether the conviction was final. See Langston, 776
S.W.2d at 588. 

 In Banks, the Fourteenth Court of Appeals held that the trial court improperly
admitted appellant's pen packet because the documents in the pen packet did not bear
the state seal or include a certification of authenticity by a state official acting in their
official capacity. Banks, 158 S.W.3d at 653 (citing Tex. R. Evid. 902). 

 Here, appellant's fingerprint card and inmate summary record include his
name, physical description, and fingerprints. Sergeant Bell testified that the
fingerprint card identifies appellant. In addition, the pen packet includes the crime
alleged in the enhancement paragraph, the term of confinement, the location of the
prison, the sentencing court, and a detailed status of the inmate's external movements
within the Department of Corrections system from admission to release. 

 Unlike Langston and Banks, all the documents in appellant's pen packet were
certified as authentic by a manager of the Combined Records Section of the North
Carolina Department of Corrections. In addition, nothing on the face of the included
documents suggests that the judgment or sentence is pending. In fact, the documents
detail that appellant was confined in the North Carolina Department of Correction's
system for six years of a five- to seven-year term.

 Even though appellant's pen packet lacked certified documentation from the
sentencing court, given the extent of the information included in the certified
documentation from the North Carolina Department of Corrections, it is reasonable
to infer that appellant was confined for the final conviction of the felony offense,
"Uttering a Forged Document," and remained confined for the term of his sentence. 

 Because appellant's pen packet is properly authenticated and representative of
a final conviction of the enhancement offense, the trial court's decision to admit the
pen packet as the functional equivalent of a properly certified judgment and sentence
did not lie outside the reasonable zone of disagreement. Therefore, we hold that the
trial court did not abuse its discretion in admitting appellant's North Carolina pen
packet as proof of the enhancement paragraph of each indictment. 

 We overrule appellant's sole point of error. 

 Conclusion


 We affirm the judgment of the trial court.

 

 



 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.


Publish. See Tex. R. App. P. 47.2(b).
1. Alongside the term of sentence, the word "Felon" is handwritten on the fingerprint
card.
2. The State introduced appellant's current fingerprint card.