**Virginia HALL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. B14–90–00356–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 19, 1992.

Peter W. Lewis, Houston, for appellant.

Andrea F. Lopes, Houston, for appellee.

Before MURPHY and CANNON, JJ., and ROBERT E. MORSE, Former J. (sitting by designation).

## OPINION

MORSE, Justice (Assigned).

This is an appeal from a conviction for the unauthorized use of a motor vehicle, TEX.PENAL CODE ANN. § 31.07 (Vernon 1989). Punishment was assessed, enhanced under TEX.PENAL CODE ANN. § 12.-42(d) at imprisonment for 25 years. We reverse and remand for a new trial.

Appellant, in four points of error, urges that: (1) the court erred in proceeding to trial before the bench, where appellant did not execute a written jury waiver; (2) she was denied her right to compulsory process; and (3) the evidence is both factually and (4) legally insufficient to support the conviction. Because of our disposition of appellant's first point of error, it is unnecessary for us to address appellant's second point of error.

Since the decisions in *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), a challenge to the sufficiency of the evidence must be considered even though reversal is required on other grounds. The significance of the contention is that if sustained, a retrial would be barred. *Graham v. State,* 643 S.W.2d 920, 924 (Tex. Crim.App.1981). Therefore, we will dispose of appellant's last two points of error before addressing the first.

In her third and fourth points of error, appellant asserts that there was legally and factually insufficient evidence to support the conviction, where the State alleged that the vehicle operated by appellant was an automobile, but proved at trial that the vehicle was a pickup truck. Appellant asks this court to apply the standard of review outlined in *Meraz v. State,* 785 S.W.2d 146 (Tex.Crim.App.1990). *Meraz* held that the courts of appeals have "conclusive fact jurisdiction in regards to 'questions of fact' concerning the proof of an issue on which the defendant has the burden of proof and the burden of persuasion." 785 S.W.2d at 154. As this court stated in *Mukes v. State,* 828 S.W.2d 571, 573 (Tex.App.— Houston [14th Dist.] 1992, no pet.), the *Meraz* holding is inapplicable in the absence of an affirmative defense or other issue upon which the defendant has the burden of proof.

In all other cases, such as the instant case, where no affirmative defense is involved, the courts of appeals must follow the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The proper inquiry is whether any rational trier of fact could have found the essential elements of the offense to exist beyond a reasonable doubt. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789. We do this by evaluating the evidence in the light most favorable to the determination of the trier of fact. *Adelman v. State,* 828 S.W.2d 418, 422 (Tex.Crim.App.1992).

In reviewing the evidence in this light, we find sufficient evidence to support the conviction. Appellant's argument is that the indictment alleged appellant exercised control over the *automobile* of another without the consent of the owner, and the

State was required to prove that the vehicle was an automobile and not a pickup truck. The Court of Criminal Appeals has held that the word "automobile" is a generic term that includes a vehicle known as a pickup truck. *Coleman v. State*, 608 S.W.2d 923, 924 (Tex.Crim.App.1980). The State established beyond a reasonable doubt that appellant made unauthorized use of a pickup truck. Because "automobile" includes "pickup truck," it was not incumbent upon the State to prove that the vehicle was an automobile. We therefore find there is some evidence to support the conviction. Appellant's third and fourth points of error are overruled.

■ Finally, we address point of error one, wherein appellant contends for the first time on appeal, that the trial court erred in proceeding to trial without a jury where the record contains no written waiver by appellant of her right to jury trial. We note at the outset, the concurring opinion of Judge Clinton in *Breazeale v. State*, 683 S.W.2d 446, 452–53 (Tex.Crim.App. 1984), wherein he addresses the preservation of error in criminal cases involving waiver of a jury trial where the judgment recites that the defendant waived trial by jury, but there is no record of a written waiver, as required by V.A.C.C.P. Art. 1.13. In Judge Clinton's opinion, where the appellants failed to utilize several avenues available to them, including a motion for new trial and a motion in arrest of judgment, they had not preserved their contention of error for appellate review. Judge Clinton, however, fails to cite any established authority for this argument. Our research has uncovered no case holding that appellant's must preserve error in this manner. We will therefore address appellant's first point of error.

■ On November 2, 1989, this case was set for a *court trial* to be held on December 11, 1989. On December 11, 1989, the parties agreed to reset the court trial for February 2, 1990. On February 2, the parties again agreed to reset for March 5th. The case was reset again for April 5, 1990. On April 5th, trial commenced with the court finding appellant guilty of the charged offense. The court entered its judgment on April 18, 1990. On March 5, 1991, appellant filed with this court a Motion to Abate Appeal on grounds that there was no written waiver of the right to trial by jury in the transcript as required by TEX.CODE CRIM.PROC.ANN. art. 1.13 (Vernon 1992). This article reads:

> The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver *must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.* The consent and approval by the court *shall* be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State *shall* be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

*Id.* (Emphasis added).

On March 15, 1991, this court granted appellant's motion and ordered the trial court to make findings of fact as to the accuracy of the record and the statement of facts, and what changes, if any, were made to the statement of facts. In its findings, the trial court found that no written waiver had been executed by appellant, approved by the court or filed with the clerk of the court. The trial court, however, did find that defendant knowingly and voluntarily waived trial by jury.

The State argues that despite the absence of a formal written jury waiver in the record, this court should overrule appellant's point of error because the spirit and substance of Article 1.13 was achieved. In support of its argument, the State points to the four separate agreed settings signed by appellant and her attorney, all of which indicated that a *court trial* was being reset. According to the State, this in addition to the recitation in the trial court's judgment and the court's more recent finding that appellant "knowingly and voluntarily" waived her right to trial by jury is

enough to show that the spirit of Art. 1.13 was met. Even if we accepted this argument, the record, or more specifically the trial court's finding of fact, fail to make clear whether any waiver occurred *before appellant entered her plea* as required by Art. 1.13.

Trial by jury is a fundamental right guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution. Additionally, the right is embodied in TEX. CONST. art. I sec. 15, and TEX.CODE CRIM. PROC.ANN. art. 1.12 (Vernon 1977).

■ The formal judgment of the trial court carries with it a presumption of regularity and truthfulness, and such is never to be lightly set aside. *Breazeale*, 683 S.W.2d at 450–51. Therefore, the recitations in the formal judgment of the trial court are binding in the absence of direct proof of their falsity. *Id.* at 450.

■ The burden of reciting in the formal judgment that a jury was waived by the accused is one established by statute. Art. 42.01, V.A.C.C.P. If such recitation is present in the judgment the burden is then on the accused to establish otherwise, if he claims that the contrary is true. *Breazeale*, 683 S.W.2d at 451. It is clear from the holding in *Breazeale* that recitals in the trial court's judgment are sufficient to overcome a silent record concerning waiver of trial by jury. When the trial court makes a finding however, that no written waiver was ever executed, approved by the court or filed with the clerk of the court, the appellant has met his burden in overcoming the presumption of regularity and truthfulness of the formal judgment of the trial court. In addition, it cannot be said that the resetting of a case for "court trial" is the equivalent to expressly waiving the constitutionally protected right to a jury trial. If a defendant is to waive the right to a jury trial, the court should at a minimum insure that the defendant is aware of his right and the consequence of his waiver of that right. Article 1.13 which, since it became effective in 1965, made it possible for defendants to relinquish their constitutionally guaranteed right to a jury trial of such a felony charge,

*conditioned* the surrender of such right on clearly *mandatory* procedures that were not fulfilled in the present case. Appellant has affirmatively shown that she did not execute a written jury trial waiver. The trial court erred in proceeding to trial without first securing a written waiver of trial by jury. Appellant's first ground of error is sustained.

Accordingly, the conviction is reversed and the cause is remanded.