**Keith Edward MITCHELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–92–107–CR.**

Court of Appeals of Texas, Texarkana.

March 3, 1993.

Discretionary Review Refused May 5, 1993.

Allen Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Rikke Burke, Asst. Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Keith Edward Mitchell was convicted on his plea of guilty to aggravated robbery. Punishment, enhanced by a prior conviction, was set by the trial judge at fifteen years' confinement.

In this appeal, Mitchell first contends that the State failed to properly prove the prior conviction used for enhancement purposes. He argues that the packet introduced by the State to prove the conviction does not contain a copy of the judgment and sentence as is required for proof of the conviction under the provisions of TEX.PENAL CODE ANN. § 12.42 (Vernon 1974 & Supp.1993).

The prior conviction was in the Superior Court of Allen County, Indiana. The packet does not contain copies of a separate judgment and sentence, but it does contain a document titled "Abstract of Judgment." The document states the style and number of the case and the name of the defendant; that the defendant was found guilty of robbery, a class C felony; that as a result of that conviction, "the Court has sentenced the defendant" to the department of corrections for two years not suspended; and that the defendant is not to be returned to court for probation at the completion of his sentence.

The abstract of judgment is signed by the presiding judge in the case, dated February 22, 1985, and certified as a true and correct abstract of the judgment by the clerk of the court in which the judgment was rendered. The packet also contains photographs and fingerprints and an identification of the defendant Mitchell. The entire packet is certified under the Act of Congress by the records clerk of the penal institution, the circuit judge of the county, and the clerk of the circuit court.

This case is distinguishable from *Langston v. State,* 776 S.W.2d 586 (Tex.Crim. App.1989), on which Mitchell relies. There, unlike this case, the document nowhere stated that the defendant was convicted of any offense. Nor did it state what offense was involved or whether the conviction, if any, was final. The abstract here contains all of the required information and is properly certified.

BLACK'S LAW DICTIONARY defines "abstract of record" as an abbreviated, accurate, and authentic history of trial court proceedings. BLACK'S LAW DICTIONARY 10 (6th ed. 1990). We find that the packet here, and specifically the abstract of judgment and sentence, contains all of the detailed information necessary and, under Texas law, is the functional equivalent of a copy of the judgment and sentence. As such it was properly admitted into evidence

and constitutes sufficient proof of the prior conviction. Tex.R.Crim.Evid. 902(1).

 Mitchell also contends that the trial judge's admonishment on the guilty plea was fatally deficient because it failed to advise him that the plea could result in deportation or other disadvantages if he were not a United States citizen.[1]

The record in this case affirmatively shows that Mitchell is a native-born citizen of the United States, having been born in the state of Wisconsin. Since he is a United States citizen, the information contained in the admonition required by Section 4 is not applicable to him and the failure to advise him in that regard did not constitute reversible error. *Foster v. State*, 817 S.W.2d 390 (Tex.App.–Beaumont 1991, no pet.); *see also Sims v. State*, 783 S.W.2d 786 (Tex.App.–Houston [1st Dist.] 1990, no pet.); *Tomas v. State*, 707 S.W.2d 221 (Tex. App.–Houston [1st Dist.] 1986, pet. ref'd); *cf. Morales v. State*, 838 S.W.2d 272 (Tex. App.–El Paso 1992, pet. granted).

The judgment of the trial court is affirmed.

Barney Sawyer, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

---

1. Tex.Code Crim.Proc.Ann. art. 26.13(a)(4) (Vernon 1989) provides that the court shall advise the defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law."