Samuel Kenneth BANKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–03–01072–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 10, 2005.

**650**

Panel consists of Chief Justice
HEDGES and Justices FOWLER and
SEYMORE.

## SUBSTITUTE OPINION
## ON REHEARING

WANDA McKEE FOWLER, Justice.

■ We deny the State's Motion for Rehearing, withdraw our previous opinion of November 30, 2004, and issue this substitute opinion reversing and remanding appellant's case. Appellant Banks was convicted of failing to register as a sex offender and received a twenty-five year prison sentence after the jury found that two enhancement paragraphs were true. Appellant contends (1) his prior conviction was improperly admitted, (2) his sentence should not have been enhanced, (3) the trial court erred in refusing his request for a limiting instruction, and (4) the evidence was legally and factually insufficient to convict him. Because we find the trial court erred in admitting appellant's penitentiary packet to prove appellant had been convicted of an offense that required appellant to register as a sex offender, we reverse and remand on that ground.[1]

James M. Leitner, Houston, for appellant.

Eric Kugler, Houston, for appellee.

### Background

Appellant was convicted of failing to register as a sex offender under article

1. The State urges in its first issue in its motion for rehearing that this court must address appellant's legal sufficiency challenge. Ordinarily, a reviewing court must address a legal sufficiency challenge because, if sustained, the appellant receives an acquittal. *Rankin v. State*, 953 S.W.2d 740, 743–44 (Tex.Crim.App. 1996) (en banc) (on state's motion for rehearing) (Baird, J., dissenting) ("It is axiomatic that an appellate court must always address challenges to the sufficiency of the evidence, even though a reversal may be required on other grounds. This is because a successful challenge to the sufficiency of the evidence bars retrial and requires the entry of a judgment of acquittal.") (citations omitted); *Garza v. State*, 715 S.W.2d 642, 645 (Tex.Crim.App. 1986) (en banc) (on state's petition for discretionary review); *Hall v. State*, 843 S.W.2d 190, 191 (Tex.App.-Houston [14th Dist.] 1992, no pet.). However, this court also cannot grant more relief than appellant has requested. *See, e.g.*, *Board of Firemen's Relief and Ret. Fund Trustees v. Stevens*, 372 S.W.2d 572, 574 (Tex.Civ.App.-Houston 1963, no writ) ("It is well settled that the court may not grant relief not supported by pleadings or prayer."). In his original briefing, the only relief for which appellant prayed was for this court to reverse and remand his case, not that we render a judgment of acquittal. Further, in response to the State's motion for rehearing, appellant waived any further review of his

62.10 of the Texas Code of Criminal Procedure. This article requires a person with a reportable offense to register with the appropriate local authority if he or she has resided or intends to reside in a Texas county for more than seven days. TEX.CODE CRIM. PROC. art. 62.02. To support a conviction, appellant must have 1) been finally convicted of a reportable offense, 2) resided in Harris County for seven days, and 3) failed to register. *Id.* To prove appellant was finally convicted of a reportable offense, the State introduced an Illinois "penitentiary packet," purportedly evidencing appellant's final conviction for aggravated criminal sexual assault in Illinois, a reportable offense.[2] For the reasons that follow, we conclude the evidence of his prior conviction was improperly admitted. Because we sustain appellant's first point of error and remand on that ground, we do not address appellant's other contentions.

## Analysis

### A. Texas law determines whether the State offered sufficient documentary proof of a final conviction.

■ Appellant's purported prior conviction is from another state, Illinois. Unless the State establishes that another state's laws differ, we presume that state's law is the same as Texas law regarding what constitutes sufficient documentary proof of a final conviction. *See Langston v. State,* 776 S.W.2d 586, 587–88 (Tex. Crim.App.1989) (en banc). Here, the State offered no proof that Illinois requires different documentary proof than Texas to prove a prior conviction. Therefore, we will apply the Texas standards to determine whether the State proved appellant had a prior conviction for a reportable offense.

### B. In Texas, to establish a defendant's final conviction, the State must bring forth admissible evidence that shows a final conviction exists and that the defendant is the person who was convicted.

■ To prove a defendant has been convicted previously, the State must come forward with two categories of proof—the first proving the conviction and the second linking the defendant to that conviction.

legal sufficiency challenge. Therefore, we do not address appellant's legal sufficiency challenge.

2. We initially rejected the State's contention that appellant failed to preserve error with respect to his complaints that the penitentiary packet was not properly authenticated and failed to prove a final conviction. The record reveals appellant objected to the packet's authenticity and further objected the packet contained no final judgment of conviction. In denying the State's motion for rehearing, we again decline to find that *Ortiz v. State* requires an appellant to do more to preserve error with respect to the authentication of a document purportedly proving a prior conviction. 144 S.W.3d 225 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd) (en banc). In *Ortiz,* we stated that an appellant had the burden "to *develop* the record to show the

nature and source of an error and, in some cases, its prejudice to him." *Id.* at 230. In its second issue in its motion for rehearing, the State urges us to find appellant did not preserve error because he did not ensure that the affidavit—which the State initially offered but then voluntarily withdrew—was included in the appellate record. On appeal, the State asserted that the affidavit might have properly authenticated appellant's penitentiary packet and the trial court might have considered the affidavit in making its ruling that the penitentiary packet was admissible. We decline to hold that appellant could not have preserved error without obtaining the State's affidavit, which the State withdrew and which apparently remains in the State's possession. *Ortiz* does not require this, nor has the State suggested any method by which appellant could have done this, even if it were required.

*See Beck v. State,* 719 S.W.2d 205, 210 (Tex.Crim.App.1986) (en banc) ("[Certified copies of a judgment and sentence] are not normally sufficient standing alone to prove the prior convictions.... It is incumbent on the State to go forward and show by independent evidence that the defendant is the person so previously convicted."); *Fontenot v. State,* 704 S.W.2d 126, 127 (Tex.App.-Houston [1st Dist.] 1986) (listing four methods of proving "a defendant is the same person previously convicted"), habeas corpus dism'd sub nom *Ex Parte Fontenot,* 3 S.W.3d 32 (Tex.Crim.App. 1999)(en banc); *Dorton v. State,* No. 14–99–00941–CR, 2001 WL 253700, at *2 (Tex. App.-Houston [14th Dist.] March 15, 2001, no pet.) (not designated for publication) (holding that, in addition to establishing a final conviction, the State "must show by independent evidence that the defendant is the person who was convicted"). In appellant's case, the State's admissible evidence linked appellant to the purported conviction but failed to prove the conviction was valid and final. And, as we discuss below, the only evidence the State relied upon to prove the final conviction itself was not authenticated and should not have been admitted.

### 1. The State can use penitentiary packets to show a valid final conviction.

██ To satisfy the first proof requirement—proof of a valid final conviction—the State regularly introduces "penitentiary packets" or "pen packets," as the State did in appellant's case. The Texas Court of Criminal Appeals has held that, "to be considered as evidence of a final conviction, a pen packet must contain a judgment and sentence, properly certified." *Langston,* 776 S.W.2d at 587. A document that is the "functional equivalent of the judgment and sentence required by Texas law to prove up a valid conviction" may be used in the absence of a judgment and sentence. *Id.* at 588; *Williams v. State,* No. 14–97–00998–CR, 1999 WL 442010, at

*4 (Tex.App.-Houston [14th Dist.] July 1, 1999, pet. ref'd) (not designated for publication) ("If the State relies on documents other than a judgment, it must show that the documents offered are the functional equivalents of the judgment and sentence.") (citing *Langston,* 776 S.W.2d at 587).

### 2. Penitentiary packets must satisfy the usual authentication requirements.

As with any other piece of documentary evidence, the State must authenticate the documents as a prerequisite to their admissibility. TEX.R. EVID. 901(a); *Cortez v. State,* 571 S.W.2d 308, 311 (Tex.Crim.App. 1978) (en banc) (noting that an out-of-state judgment is inadmissible without proper authentication) (citing *Hutchins v. Seifert,* 460 S.W.2d 955 (Tex.Civ.App.-Houston [14th Dist.] 1970, writ ref'd n.r.e.)); *see also Mega Child Care, Inc. v. Tex. Dep't of Protective & Regulatory Servs.,* 29 S.W.3d 303, 308 (Tex.App.-Houston [14th Dist.] 2000, no pet.) ("The Texas rules of evidence require, as a predicate to admissibility, that evidence be properly authenticated or identified."). Without some proof that the documents in the packet are genuine, the packet is inadmissible. TEX.R. EVID. 901(a); *Mega Child Care,* 29 S.W.3d at 308 (noting that the proponent of the evidence must show the document is what it purports to be as a predicate to admissibility). Therefore, before deciding whether the documents in appellant's penitentiary packet were sufficient to prove a final conviction, we must address appellant's contention that the packet was not properly authenticated.

### 3. Appellant's penitentiary packet should not have been admitted because the State failed to prove its authenticity.

■ Appellant's Illinois penitentiary packet contains three single-page documents: 1) an "Order of Sentence and Commitment to Illinois Department of Corrections," (see Exhibit A) 2) a fingerprint card, and 3) an "Illinois Department of Corrections Bureau of Identification Offender Report." It does not contain any certification by an Illinois official, nor does it bear an Illinois seal. Because the packet lacks certification and a seal, appellant's penitentiary packet was not self-authenticating under Texas Rule of Evidence 902. TEX.R. EVID. 902(1) (providing for self-authentication when domestic public documents are under seal); TEX.R. EVID. 902(2) (providing for self-authentication when domestic public documents are not under seal but bear an officer or employee's signature and are accompanied by a certification under seal that the signer has official capacity and the signature is genuine); TEX.R. EVID. 902(4) (providing for self-authentication of certified copies of public records).

The only evidence of authenticity the State points to on appeal is the testimony it elicited that appellant's fingerprints matched those found in the packet. The State's reliance on the fingerprint match to authenticate the entire penitentiary packet is misplaced. The fingerprint match goes to the second category of proof—proving the defendant is the person previously convicted—and fails to prove that the documents in the packet are what the State asserts them to be. See Cole v. State, 484 S.W.2d 779, 784 (Tex.Crim.App.1972) ("The fingerprints are used as a means of insuring that the person on trial is the same one to whom the packet refers."). In the absence of any other proof that the documents in the packet are what the

State claims—evidence of a valid and final conviction—we find the documents were not properly authenticated and should not have been admitted.

*4. The erroneous admission of the penitentiary packet requires reversal because it affected appellant's substantial rights.*

Because we find the packet should not have been admitted, we do not address whether the documents are the functional equivalent of a judgment and sentence, such that they prove a valid and final conviction. We do note, however, that the State has cited no case, nor have we located one, holding that a similar penitentiary packet—completely lacking a judgment and sentence *and* devoid of any indicia of authenticity—can sufficiently prove a prior conviction. *Cf., e.g., Johnson v. State,* 740 S.W.2d 868, 871 (Tex.App.-Houston [14th Dist.] 1987, pet. ref'd) (holding that New York certificate of commitment, when accompanied by certification of authenticity, performed the same function as the judgment and sentence in Texas and was sufficient to prove a prior conviction); *Williams,* 1999 WL 442010, at *5-6 (not designated for publication) (holding that certified copies of records from the Florida Division of Corrections were the functional equivalent of a judgment and sentence and were sufficient to prove a prior conviction).

Proof of a prior conviction for a reportable offense is an essential element of failing to register in violation of article 62.02. TEX. CODE CRIM. PROC. art. 62.02. As the penitentiary packet was the only evidence the State relied upon to prove appellant was previously convicted of a reportable offense, we have no doubt that its improper admission affected appellant's substantial rights.[3] TEX.R.APP. P.

---

3. In its third and final issue in its motion for rehearing, the State argues that any error did not affect appellant's substantial rights. *See*

TEX.R.APP. PROC. 44.2(b). The State urges us to find that other evidence of appellant's guilt was overwhelming. *See Motilla v. State,* 78

44.2(b); *cf. King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997) (holding appellant's substantial rights not affected when other evidence of future dangerousness was properly admitted and the State did not emphasize the complained of documents). Therefore, we withdraw our previous opinion, deny the State's motion for rehearing, sustain appellant's first point of error and grant his request to reverse his conviction and remand for a new trial.

S.W.3d 352, 359–60 (Tex.Crim.App.2002) (finding relevant factors for harm analysis under Rule 44.2(b) include the character of the alleged error considered in the context of the other evidence of defendant's guilt in the case). In support of that assertion, the State points to the following testimony. Officer Frederickson stated she discovered appellant failed to register despite a duty to do so. Sergeant Roberts stated he notified appellant of his duty to register. Detective Pratt stated that he examined the out-of-state conviction and determined appellant had a duty to register. And appellant signed a document indicating he had a duty to register. However, this testimony proves only that these individuals *believed* there was a duty to register and not that appellant had been finally and validly convicted of a reportable offense. Moreover, the State did not rely on this testimony to show appellant was convicted of a reportable offense. We do not find that the improper admission of the penitentiary packet "did not influence the jury, or had but a slight effect" when the record reveals the State, in its closing argument, relied *exclusively* upon the penitentiary packet to show appellant was previously convicted of a reportable offense and, thus, required to register. *See Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App. 1998) (stating criminal convictions should not be overturned when the "appellate court ... has fair assurance that the error did not influence the jury or had but a slight effect").

CORRECTED MITTUC.

IN ... CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**Cook**
(County)

**Municipal** DEPARTMENT

**Sub** (Division) N-20286 2

(District)

People of the State of Illinois
v.
Defendant
**Samuel Banks**

} No **88 CR 0 15910 ②**

ORDER OF SENTENCE AND COMMITMENT TO
ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offenses enumerated below,
IT IS ORDERED that the defendant _____ **Samuel Banks** _____ NJ073=
be and he is hereby sentenced to the Illinois Department of Corrections as follows:

FG 16 yrs I.D.O.C.
To be given credit for 26 months for time
in custody since 1-13-88

STATE'S
EXHIBIT
1B

## EXHIBIT A

|  | | | Ill. Rev. Stat. | |
|---|---|---|---|---|
| Offense Agg crim sex assault | Ch. 38 | Sec. 12 | Par. 14-11 | |
| Offense Criminal sexual assault 2X | Ch. 38 | Sec. 12 | Par. 13-1:1 | |
| Offense _____ | Ch. _____ | Sec. _____ | Par. _____ | |
| Offense _____ | Ch. _____ | Sec. _____ | Par. _____ | |

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him to the Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him in the manner provided by law until the above sentence is fulfilled.

PREPARED BY: _____
Deputy Clerk
3-14-90 BRANCH CT. 348 _____

ENTER: _____ 347
Judge CODE #

GENETIC MARKER INDEXING RECEIPT STUB
Subject's Name. BANES N2072C
Mailed: 3-8-94
Name and ...

190861

### INSTRUCTIONS
spaces above (1) each sentence and the conditions thereof, including the condition that these may be, with other sentences imposed by the court in this case, or other owing information:

Police Individual Record No. _____

Illinois Bureau Identification No. _____

CLERK OF THE CIRCUIT COURT OF COOK COUNTY