FLOWERS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-146-CR

VINCENT HENRY FLOWERS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Vincent Henry Flowers appeals his conviction and sentence for driving while intoxicated (DWI).   In five points, appellant complains of the trial court’s admission of certain evidence and challenges the legal and factual sufficiency of the evidence to support the trial court’s finding that he had committed the prior DWI alleged in the enhancement paragraph.
(footnote: 2)  We affirm.

The information and complaint in this case allege that appellant committed DWI on February 10, 2004, enhanced by a prior misdemeanor conviction for DWI in Dallas County, Cause No. MB9539105, on August 18, 1995.  

In his first point, appellant complains that the trial court improperly admitted State’s exhibit 11 into evidence during the punishment phase of trial.  This exhibit contains a certified copy of a computer printout of information regarding a prior conviction for DWI on August 1995.  Appellant contends that the exhibit is irrelevant because it is not a judgment, bears no connection to him, and proves nothing. 

In his second and third points, appellant asserts that, even if exhibit 11 was properly admitted, the evidence is legally and factually insufficient to prove his final conviction of the 1995 DWI alleged in the enhancement paragraph because there is no evidence in the record linking him to the 1995 DWI conviction. 

We review a trial court’s ruling on the admissibility of evidence for an abuse of discretion.
(footnote: 3) 
 To prove a defendant has been convicted previously, the State must prove both (1) a prior conviction and (2) that the defendant is linked to that conviction.
(footnote: 4) 
 A prior conviction can be proved only by a properly certified judgment and sentence or their functional equivalent.
(footnote: 5) 
 To be the functional equivalent of a judgment and sentence, a document must be authenticated and include the defendant’s name, the offense charged and date of commission, a statement that the defendant has been found guilty and sentenced, and the specifics of the sentence.
(footnote: 6)
 There are several ways to link a defendant to a prior conviction, including through (1) witness testimony identifying the accused as the same person previously convicted, (2) a judicial stipulation by the defendant, (3) the introduction of certified copies of the judgment and sentence containing the defendant’s fingerprints, supported by expert testimony identifying the prints as the defendant’s, and (4) the introduction of a photograph or detailed description of the person in the documents showing the prior conviction that can be compared with the accused’s appearance.
(footnote: 7)  These methods are not exclusive, however; whether sufficient links are present is determined on a case-by-case basis.
(footnote: 8) 

[O]rdinarily the proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction or convictions closely resembles pieces of a jigsaw puzzle.  The pieces standing alone usually have little meaning.  However, when the pieces are fitted together, they usually form the picture of the person who committed the alleged prior conviction or convictions.
(footnote: 9)
 In this case, the computer printout in exhibit 11 is comprised of two pages entitled “Judicial Information” and “Disposition,” respectively.  Both pages are certified by the Dallas County Clerk as being true and correct copies of the original records that are on file in her office, and appellant’s attorney stated at trial that he was not contesting the documents’ authenticity.  The “Judicial Information” page lists the case number as MB9539105; gives the defendant’s name (Vincent Henry Flowers), age, date of birth, and address; and states that he was arrested on August 2, 1995, for committing the offense of DWI on the same date.  The “Disposition” page again lists case number MB9539105, lists the defendant’s name, states verdict and sentencing dates of August 18, 1995, and lists the sentence as forty-five days’ confinement and a $500 fine.  The “Disposition” page further states that the sentence began to run on August 3, 2005.  In the “Comments” section, the printout states, “BT from 8-3-95” and “12/14/95 srvd 45 days.”
(footnote: 10) 

We hold that the computer printout contains sufficient information and indicia of reliability to constitute the functional equivalent of a judgment and sentence.  The printout states the defendant’s name, the offense charged, and date of commission; shows that he was found guilty of and sentenced for the offense; and gives the specifics of the sentence and the amount of time served.  Further, the printout is properly authenticated by the Dallas County Clerk in accordance with evidentiary rule 902(4).
(footnote: 11)  Therefore, the trial court did not err by admitting the computer printout into evidence.  We overrule appellant’s first point. 

The State also offered into evidence a certified copy of appellant’s driving record from the Driver Records Bureau of the Texas Department of Public Safety.  Appellant stated that he had no objection to the driving record’s admission. 

The driving record contains appellant’s photograph and lists the identical  name, date of birth, and address as are listed in the authenticated computer printout.  In addition, the driving record states that, on August 18, 1995, Vincent Henry Flowers was convicted in Dallas County, docket number MB9539105H, of the offense of DWI, which was committed on August 2, 1995.  This case number is substantially the same as the case number (MB9539105) listed in the certified computer printout.
(footnote: 12)  Moreover, a defendant’s driving record can be used to link him to a prior conviction if the driving record states the same date, county, and cause number of the prior offense and conviction as are listed in the pen packet or its functional equivalent.
(footnote: 13)
 In addition, appellant testified during the punishment phase of trial.  When asked by the prosecutor, “How many convictions did you receive that you did not do?”,  appellant responded, “The assault on a public servant and the second DWI conviction.”  Only two DWI offenses were at issue:  the charged offense and the 1995 offense in the enhancement allegation.  The trial court reasonably could have inferred from this testimony that appellant was referring to the 1995 DWI conviction as the second conviction and acknowledging that he had received it.
(footnote: 14)
 This evidence is sufficient to link appellant to the 1995 DWI conviction alleged in the enhancement paragraph of the information and complaint.  Accordingly, applying the appropriate standards of review,
(footnote: 15) we hold that the evidence is legally and factually sufficient to prove appellant’s final conviction of this prior offense.  Therefore, we overrule appellant’s second and third points.

In his fourth and fifth points, appellant complains that the trial court violated his rights under the Fifth Amendment and article I, section 10 of the Texas Constitution by denying his motion to suppress certain audio portions of the videotape taken in the intoxilyzer room after appellant had been arrested for DWI.  The trial court granted appellant’s requests to mute thirteen audio portions of the videotape but denied his requests regarding three other portions of the tape.  

The State may not penalize an individual for exercising his Fifth Amendment rights to remain silent and to counsel when he is under custodial interrogation.
(footnote: 16)  But police requests to perform sobriety tests, directions on how to perform the tests, and queries concerning a suspect’s understanding of his rights do not constitute interrogation.
(footnote: 17)  Thus, a DWI videotape should not be suppressed unless the police seek to elicit a testimonial response not normally incident to arrest and custody or engage in conduct that the police should know is reasonably likely to elicit such a response.
(footnote: 18)
 In this case, the contested audio portions of the videotape that the trial court did not suppress are as follows:

Officer: At this point in time—

Appellant: I have not been given my rights.

Officer: Yes, sir, that will be coming in time.  At this point in time—

Appellant: Well, that needs to be done now because at this point I’ve been handcuffed.

Officer: At this point in time, you are not entitled to an attorney. 

. . . .

Appellant: I need my rights readen [sic] to me.  

. . . .

Appellant: [In response to the officer’s question about how far he went in school]  Far enough to know my rights. 

Each of these brief exchanges occurred while the officer was attempting to conduct sobriety tests on appellant and merely imparting or soliciting information normally incident to arrest and custody.  No custodial interrogation was involved.  Indeed, only the third statement was made in response to a question by the officer.

Moreover, we do not construe these statements to imply, as appellant contends, that appellant was guilty of DWI or that he was attempting to invoke his constitutional rights to remain silent, to terminate the interview, or to consult with an attorney.
(footnote: 19)  Nor would the jury have understood them as such.  Instead, appellant was simply informing the officer that he knew what his rights were and insisting that the officer read them to him.
(footnote: 20)  Accordingly, we hold that the trial court did not err by denying appellant’s motion to suppress this evidence.
(footnote: 21)  We overrule appellant’s fourth and fifth points.

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 18, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The guilt-innocence phase of appellant’s trial was to a jury, but appellant elected to have the trial court assess his punishment. 

3:
Carrasco v. State,
 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

4:
Banks v. State,
 158 S.W.3d 649, 651 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d). 

5:
Langston v. State,
 776 S.W.2d 586, 587-88 (Tex. Crim. App. 1989); 
Banks,
 158 S.W.3d at 652. 

6:
See
 
Doby v. State,
 454 S.W.2d 411, 413-14 (Tex. Crim. App. 1970); 
Petruccelli v. State,
 174 S.W.3d 761, 771 (Tex. App.—Waco 2005, pet. ref’d) (both holding that a certified commitment order containing this information is the functional equivalent of a judgment and sentence); 
Mitchell v. State,
 848 S.W.2d 917, 918 (Tex. App.—Texarkana 1993, pet. ref’d) (out-of-state abstract of judgment); 
Gibson v. State
, No. 05-00-00671-CR, 2001 WL 221578, at *4 (Tex. App.—Dallas March 7, 2001, no pet.) (not designated for publication) (holding that certified copy of probation order containing this information was functional equivalent of judgment and sentence); 
Williams v. State,
 No. 14-97-00998-CR, 1999 WL 442010, at *5 (Tex. App.—Houston [14th Dist.] July 1, 1999, pet. ref’d) (not designated for publication) (certified records from Florida Division of Corrections).

7:
Littles v. State,
 726 S.W.2d 26, 31-32 & n.1 (Tex. Crim. App. 1984). 

8:
Human v. State
, 749 S.W.2d 832, 835 (Tex. Crim. App. 1988); 
Littles
, 726 S.W.2d at 32.

9:
Human
, 749 S.W.2d at 835-36.

10:
Although August 3, 1995, preceded the sentencing date, the trial court reasonably could have concluded from the “comments” that appellant received a time credit on his sentence for his preconviction confinement.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.03, § 2(a) (Vernon Supp. 2005) (providing that defendant is entitled to credit on his sentence for time spent in jail between arrest and sentencing).

11:
See
 
Tex. R. Evid.
 902(4) (holding that data compilations certified as correct by the custodian or other person authorized to make the certification are self-authenticating); 
Banks,
 158 S.W.3d at 653 (holding that unauthenticated documents are inadmissible to prove a prior conviction).  This case is distinguishable from 
Blank v. State,
 172 S.W.3d 673 (Tex. App.—San Antonio 2005, no pet.), on which appellant relies.  In 
Blank
, the “Case Synopsis” that the State tendered did not state whether the defendant had been convicted of an offense and was not properly authenticated.  
See id.
 at 675.

12:
See Human,
 749 S.W.2d at 838 (stating that case numbers F80-11997 N and F-80-11997-MN are substantially the same).

13:
Chamblee v. State,
 376 S.W.2d 757, 757-58 (Tex. Crim. App. 1964);
 see Green v. State,
 140 S.W.3d 776, 777-78 (Tex. App.—Eastland 2004, no pet.) (holding same, even though pen packet of prior conviction contained no photographs,  fingerprints, or “other identifying attributes”).  
Gentile v. State,
 848 S.W.2d 359 (Tex. App.—Austin 1993, no pet.), on which appellant relies, is inapposite.  In that case, the State attempted to use the driving record, alone, to both prove the prior conviction and link appellant to it.  
Id.
 at 360.

14:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (stating that trier of fact is responsible for drawing reasonable inferences from the evidence)
.

15:
See
 
id.
, 99 S. Ct. at 2789; 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (setting out legal sufficiency standard); 
Zuniga v. State
, 144 S.W.3d 477, 481, 484-85 (Tex. Crim. App. 2004) (setting out factual sufficiency standard)
.

16:
Miranda v. Arizona,
 384 U.S. 436, 468 n.37, 86 S. Ct. 1602, 1624-25 n.37 (1966); 
Griffith v. State,
 55 S.W.3d 598, 602-03 (Tex. Crim. App. 2001).

17:
Griffith,
 55 S.W.3d at 603;  
Jones v. State,
 795 S.W.2d 171, 176 (Tex. Crim. App. 1990).

18:
Jones,
 795 S.W.2d at 176; 
Mathieu v. State,
 992 S.W.2d 725, 729 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

19:
Appellant had no Fifth Amendment right to an attorney because there was no interrogation.  
Griffith,
 55 S.W.3d at 602-03.

20:
See id.
 at 607-08 (holding that accused’s uncoerced statements to police that he did not want to take a breath test before consulting his attorney were not an invocation of his right to remain silent); 
Holder v. State,
 No. 05-00-01708-CR, 2001 WL 1464318, at *4 (Tex. App.—Dallas Nov. 19, 2001, no pet.) (not designated for publication) (holding that accused’s comments that he understood his 
Miranda
 rights and that they had been violated and did not apply would not lead a jury to conclude that appellant had invoked his rights). 

21:
See Estrada v. State,
 154 S.W.3d 604, 607 (Tex. Crim. App. 2005) (setting out standard of review).