**Affirmed as Reformed and Memorandum Opinion filed October 20, 2011.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-10-00976-CR

_____

**JOSE REFUGIO FLORES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1211058**

## MEMORANDUM OPINION

Appellant Jose Refugio Flores was convicted of aggravated assault of a family member. The trial court found an enhancement paragraph true and assessed punishment at twenty-five years' imprisonment. In two issues, appellant argues that (1) the trial court erred by admitting into evidence an out-of-state penitentiary packet (or "pen packet"), and (2) assuming the pen packet were properly admitted, the evidence is insufficient to prove the final conviction alleged in the enhancement paragraph. We affirm.

## BACKGROUND

Appellant was charged by indictment in December 2008, after threatening to kill his wife with a knife. The indictment contained an enhancement paragraph, alleging that "on JUNE 21, 1979, in Cause No. 77I40270, CRIMINAL DIVISION DISTRICT NO. 4 of COOK COUNTY, ILLINOIS, the Defendant was convicted of the felony of ATTEMPTED MURDER." During the punishment stage of trial, appellant pleaded "Not True" to the enhancement allegation.[1]

As proof of the prior conviction, the State offered into evidence an Illinois pen packet, consisting of the following documents: (1) a statement from the Office of the State's Attorney, indicating that appellant had been charged with attempted murder and sentenced to eight years in the Illinois Department of Corrections; (2) an Official Statement of Facts, signed by the Assistant State's Attorney, which briefly alleged that appellant shot a man four times following an oral dispute; (3) an Order of Sentence and Commitment, transferring appellant to the state penitentiary from the Cook County Jail; (4) a corrected Order of Sentence and Commitment, ordering appellant to serve, in concurrent terms, seven years for attempted murder and two years for aggravated battery; and (5) an Order for Discharge from the Prisoner Review Board, dated March 21, 1984, memorializing appellant's release from prison on August 27, 1982. All five documents referenced the same charge and cause number alleged in the enhancement paragraph.

Appellant objected to the admission of the pen packet, arguing that it was "hearsay" and that it failed to meet "the proper requirements of the Business Records act." The prosecutor clarified that he was offering the pen packet as certified documents, rather than business records, and that the pen packet contained a Certification of Records. Appellant renewed his objection, contending that the documents were not "properly certified nor do

---

[1] The trial court's judgment reflects, apparently through clerical error, that appellant pleaded "True" instead.

they have any fingerprints to show it was this defendant." The objection was overruled and the pen packet admitted.

The complainant below, who had since divorced appellant by the time of trial, testified that she was married to appellant in 1979 when he "shot a gentleman" in Illinois. She testified that appellant stood for trial, although she did not attend the proceedings. She further stated that appellant left for Mexico before he could be sentenced, and upon his eventual return, he was sent to prison. He served three years and five months, having been released early for good conduct. The complainant also produced four family photos, taken on her visits to prison, in which appellant is shown wearing a prison uniform bearing his name and prisoner identification number. Appellant is referenced by that same identification number in the pen packet's Order for Discharge.

Testifying on his own behalf, appellant admitted that he was present at the scene of the attempted murder, but he denied any involvement in the offense. Appellant testified that he pleaded not guilty to the charge and that he was sentenced *in absentia*. When shown a copy of the pen packet, appellant conceded that the conviction for attempted murder applied to him.

## ISSUES PRESENTED

In his first issue, appellant argues that the trial court erred by admitting the pen packet into evidence because it did not contain a properly certified judgment and sentence. In his second issue, appellant contends that even if the pen packet were properly admitted, the evidence is insufficient to prove beyond a reasonable doubt that appellant was finally convicted of the prior offense.

## PEN PACKET

Appellant first challenges the admissibility of the pen packet, which he contends was defective for lack of a properly certified judgment and sentence. In support of this argument, appellant cites *Langston v. State* and *Banks v. State*, which both hold that a pen

packet must contain a judgment and sentence, properly certified, in order to be considered as evidence of a final conviction. *Langston v. State*, 776 S.W.2d 586, 587 (Tex. Crim. App. 1989); *Banks v. State*, 158 S.W.3d 649, 652 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

We begin by noting that appellant has failed to preserve error. Before a party may present a complaint for appellate review, the record must show that the complaint was brought to the attention of the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1. The grounds of the complaint must be stated "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." *Id.* An appellate court's review is limited to the arguments, information, and evidence presented to the trial court at the time of its ruling, and thus, error is forfeited when the complaint on appeal differs from the complaint at trial. *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003); *McGinn v. State*, 961 S.W.2d 161, 166 (Tex. Crim. App. 1998).

Appellant complains of an issue he did not specifically argue in the court below. During trial, appellant objected to the admission of the pen packet for various reasons, including (1) that it was hearsay; (2) that it did not qualify under the business records exception to the hearsay rule; (3) that it was not properly certified; and (4) that it lacked a record of fingerprints. The record does not show that appellant ever objected to the pen packet on the grounds that it did not contain a judgment and sentence. Because error was not preserved below, we hold that appellant may not raise this argument for the first time on appeal. *See Burks v. State*, 876 S.W.2d 877, 908 (Tex. Crim. App. 1994) ("An objection stating one legal basis may not be used to support a different legal theory on appeal.").

Even if we were to assume that error had been preserved, we would still conclude that the pen packet was properly admitted.

We review the trial court's decision regarding the admissibility of evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010);

4

*Morris v. State*, 67 S.W.3d 257, 262 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). Under this standard, the trial court's decision will not be disturbed unless it lies clearly outside the zone of reasonable disagreement. *Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992).

When an out-of-state pen packet is offered to prove the existence of a prior criminal record, the State must either offer proof of the other state's evidentiary requirements or request that the trial court take notice of those requirements. *Martin v. State*, 227 S.W.3d 335, 337 (Tex. App.—Houston [1st Dist.] 2007, no pet.). In the absence of such proof or request, we presume that the other state's law is congruent with Texas law regarding the sufficiency of the evidence to prove the final conviction. *Banks*, 158 S.W.3d at 649. Because the record in this case is silent on the issue of Illinois law, we apply Texas standards to determine whether the State proved that appellant had a prior conviction for a reportable offense.

Under *Langston* and *Banks*, a pen packet is admissible as evidence of a prior conviction if the pen packet contains either (1) a properly certified judgment and sentence, or (2) the "the functional equivalent of the judgment and sentence required by Texas law." *Langston*, 776 S.W.2d at 587–88; *Banks*, 158 S.W.3d at 652. A pen packet may contain the functional equivalent of a judgment and sentence if its enclosed documents are properly authenticated and representative of a final conviction. *See Martin v. State*, 227 S.W.3d 335, 337 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Banks*, 158 S.W.3d at 652–53.

The pen packet in this case contains a document from the Office of the State's Attorney indicating that appellant was sentenced on June 21, 1979 to eight years' imprisonment for the charged offense of attempted murder. The Order of Sentence and Commitment, in both its original and corrected versions, is signed by the judge and identifies the sentencing court. The pen packet further reflects that appellant was transferred to the state penitentiary and discharged on either parole or mandatory supervised release on August 27, 1982.

5

Courts have previously held that a pen packet is not representative of a final conviction where the State has failed to prove the authenticity of its documents or where the record contains some indication that the judgment or sentence is pending or on appeal. *See Langston*, 776 S.W.2d at 588 (observing that a pen packet was not representative of a final conviction where it lacked a judgment and sentence and contained an order for defendant to be transferred to determine whether a probation or other modification of sentence should be granted); *Banks*, 158 S.W.3d at 653 (holding that pen packet was inadmissible because it lacked certification under seal); *see also Johnson v. State*, 583 S.W.2d 399 (Tex. Crim. App. [Panel Op.] 1979) (holding that proof was adequate to show a prior conviction where the record was silent as to a notice of appeal). Neither concern is applicable in this case. All of the documents are certified as true, and the record is silent regarding an Illinois appeal. Even though the pen packet does not contain a certified judgment and sentence, based on the documents that are enclosed, we conclude that the trial court could have reasonably inferred that the pen packet was representative of a final conviction. *Cf. Martin*, 227 S.W.3d at 338 (finding no abuse of discretion regarding the admission of pen packet that contained a fingerprint card and inmate summary record describing "the crime alleged in the enhancement paragraph, the term of confinement, the location of the prison, the sentencing court, and a detailed status of the inmate's external movements within the Department of Corrections system from admission to release"); *Mitchell v. State*, 848 S.W.2d 917, 918 (Tex. App.—Texarkana 1993, pet. ref'd) (holding that pen packet proved final conviction where an "Abstract of Judgment" was certified and indicated the style and cause number of the underlying case, the name of the defendant, the crime alleged, that the defendant was found guilty, and the length of his sentence). Accordingly, the decision to admit the pen packet as the functional equivalent of a judgment and sentence was not outside the zone of reasonable disagreement.

Appellant's first issue is overruled.

## SUFFICIENCY OF THE EVIDENCE

In his second issue, appellant argues that, even if the pen packet were properly admitted, the evidence is still insufficient to prove that he was convicted of the offense alleged in the enhancement paragraph.

Although authenticated copies of prison records are admissible to prove that a defendant has been finally convicted of an earlier crime, such documents are not sufficient by themselves. *See Griffin v. State*, 181 S.W.3d 818, 820 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). The State must also introduce some independent, supporting evidence to prove beyond a reasonable doubt that the defendant is the person described in those documents. *See Beck v. State*, 719 S.W.2d 205, 209–10 (Tex. Crim. App. 1986); *Roberts v. State*, 321 S.W.3d 545, 555 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). No specific document or mode of proof is required to establish this connection. *See Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The State may prove the connection in a number of ways, including (1) the defendant's admission or stipulation; (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person; or (3) documentary proof, such as a judgment, that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* at 921–22.

Because appellant raises a legal sufficiency challenge, we examine the evidence in the light most favorable to the trial court's judgment. *See Littles v. State*, 726 S.W.2d 26, 30 (Tex. Crim. App. 1984) (op. on reh'g). In this case, the complainant testified that appellant was tried and sentenced for shooting a man in 1979. She stated that during appellant's more than three year stay in prison, she visited him periodically and memorialized those visits in several family photographs. In those photographs, appellant is shown wearing an official prison uniform, on which his name and prisoner identification number are inscribed. Appellant is identified by the same prisoner identification number in his Order for Discharge. Appellant admitted to having previously been charged with attempted murder

in Illinois. Although he claimed to have been convicted for a crime he did not commit, appellant conceded that the conviction reflected in the pen packet was his own.

Viewing the evidence in the light most favorable the judgment, we conclude that the evidence is sufficient to link appellant beyond a reasonable doubt to the final conviction alleged in the enhancement paragraph.

Appellant's second issue is overruled.

## CONCLUSION

Having examined the record, we hold that there is no error in the judgment requiring reversal, but that there is error in the judgment as entered, which is capable of reformation. The trial court's judgment shows that appellant pleaded "True" to the enhancement allegation, but the record affirmatively reflects that he pleaded "Not True" instead. Therefore, we affirm the judgment as reformed to reflect that appellant pleaded "Not True" to the enhancement paragraph alleged in the indictment.

/s/    Adele Hedges
Chief Justice

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.

Do Not Publish — TEX. R. APP. P. 47.2(b).

8