**Lonnie Douglas DAVY, Appellant**

v.

**The STATE of Texas, Appellee**

**Nos. 07–16–00262–CR, 07–16–00263–CR**

Court of Appeals of Texas, Amarillo.

May 5, 2017

Niles Illich, for Lonnie Douglas Davy

Matt Boyle, for The State of Texas

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

## OPINION

James T. Campbell, Justice

Through four issues appellant Lonnie Douglas Davy appeals his sentences for possession of methamphetamine and tampering with physical evidence. Three of his

issues deal with the State's proof of punishment enhancements; the fourth addresses a statement made by the trial judge. We will overrule each of appellant's issues and affirm the judgments of the trial court.

### Background

By separate indictments appellant was charged with the felony offenses of possession of a controlled substance, methamphetamine, in an amount more than one gram but less than four grams,[1] and tampering with or fabricating physical evidence.[2] Both offenses were alleged to have been committed in August 2015. Both indictments contained two enhancement paragraphs alleging appellant was previously convicted of two felonies.[3]

The cases were tried together before a jury, and appellant was convicted of both charges. At the punishment phase, appellant plead "not true" to the two enhancement paragraphs. The truth of the enhancement allegations was therefore submitted to the jury. The charge on punishment in each case informed the jury that the indictment alleged "prior to the commission of the offense alleged to have been committed in the Indictment [appellant] was finally convicted of the felony offense of Burglary of Habitation ... on the 28th day of February, 2002 .... [and appellant] was finally convicted of the felony offense of Unlawful Possession Firearm by Felon ... on the 15th day of January, 2004." Appellant did not

object to either charge. In both cases the jury found the enhancements true. It assessed appellant's punishment at forty years' confinement on the possession charge and twenty-five years' on the tampering charge. The trial court imposed the sentences accordingly and ordered that the sentences run concurrently.

### Analysis

#### Second Issue

■ By his second issue, appellant argues the trial court abused its discretion by admitting punishment evidence not produced by the State, in violation of the Michael Morton Act.[4] The specific item of evidence challenged was appellant's penitentiary packet marked as State's Exhibit 20. It contained a custodian's affidavit, photographs of appellant, two prior judgments of conviction, and a fingerprint card. The first judgment, in McLennan County cause number 2000–580–C, was signed on February 28, 2002, and states it revoked a term of probation for the April 14, 2000 offense of burglary of a habitation. The judgment specifies that on February 28, 2002, a sentence of five years' confinement in prison and a fine of $500 was imposed. Appellant's punishment, according to the terms of the judgment, commenced on February 28, 2002. The judgment also contains the date of appellant's burglary conviction and probation order, that being November 28, 2000. The second judgment, in

---

1. TEX. HEALTH & SAFETY CODE ANN. § 481.116(a),(c) (West 2010).

2. TEX. PENAL CODE ANN. § 37.09(a)(1) (West 2016).

3. As applicable to this case, under Penal Code section 12.42(d), if it is shown on the trial of a felony offense that the defendant was previously finally convicted of two felony offenses, and the second previous felony conviction

was for an offense that occurred subsequent to the first previous conviction becoming final, on conviction the defendant shall be punished by imprisonment for life, or for any term of not more than 99 years or less than 25 years. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2016).

4. TEX. CODE CRIM. PROC. ANN. art. 39.14 (West Supp. 2016).

cause number 2003–1053–C, also from McLennan County, documents appellant's January 15, 2004 conviction for the July 7, 2003 offense of unlawful possession of a firearm by a felon. The judgment specifies that on January 15, 2004, a sentence of two years' confinement in prison was imposed.

An investigator testifying for the State took appellant's fingerprints during trial and later testified to his opinion the prints on the card in State's Exhibit 20 and the prints he obtained from appellant were "one and the same." The investigator gave the additional opinion, based on his observations of appellant, that the photographs in State's Exhibit 20 were of appellant.

Appellant objected to the admission of the penitentiary packet on the ground that it had not been produced in response to his discovery request under Code of Criminal Procedure article 39.14. The State argued it described the judgments in its notice of extraneous acts it intended to prove at trial. The court overruled appellant's objection and admitted State's Exhibit 20.

We review a trial court's ruling on the admission of evidence using an abuse of discretion standard. *Salazar v. State*, 38 S.W.3d 141, 153 (Tex. Crim. App. 2001). The trial court's evidentiary ruling must be upheld if it is within the "zone of reasonable disagreement." *Id.*; *Montgomery v. State*, 810 S.W.2d 372, 386–87 (Tex. Crim. App. 1991) (op. on reh'g).

The 2013 amendments to Texas Code of Criminal Procedure article 39.14 identified as the Michael Morton Act made significant changes to procedures for discovery in criminal cases. *Gonzales v. State*, No. 04-14-00222-CR, 2015 WL 4273261, 2015 Tex. App. LEXIS 7267 (Tex. App.–San Antonio 2015, no pet.) (mem. op., not designated for publication) (noting Act applies to litigation of offenses that occurred on or after January 1, 2014). As the Fourteenth Court of Appeals has observed, the disclosure requirements described in article 39.14(a) "are triggered only after receiving a timely request from the defendant." *Glover v. State*, 496 S.W.3d 812, 815 (Tex. App.–Houston [14th Dist.] 2016, pet. refused) (internal quotation marks omitted).[5] We note also that by its 2013 amendments, the Legislature retained in article 39.14(a) the concept that discovery applies to items "designated."

With regard to appellant's request for discovery in this case, appellant points us only to a motion for continuance appellant filed, which contains a discussion of discovery materials made available by the State. The motion notes that appellant had "requested discovery under Texas Code of Criminal Procedure Article 39.14." But the appellate record does not contain a copy of appellant's discovery request.[6] Without a record showing the items of which appel-

---

**5.** Appellant does not contend the evidence of his prior convictions, offered by the State for the purpose of enhancing his punishment under Penal Code section 12.42(d), was subject to disclosure without request under article 39.14(h) or article 39.14(k) as information that would tend to negate his guilt or reduce his punishment. *See Hart v. State*, Nos. 14–15–00468–CR & 14–15–00469–CR, 2016 WL 4533419, at *5, 2016 Tex. App. LEXIS 9551, at *14 (Tex. App.–Houston [14th Dist.] Aug. 30, 2016, no pet.) (mem. op., not designated for publication).

**6.** The State attached to its brief a copy of a discovery request from appellant, and argues it did not request copies of appellant's prior judgments. We may not, however, consider the document as it is not part of the record. *See, e.g., Booth v. State*, 499 S.W.2d 129, 135 (Tex. Crim. App. 1973) (explaining appellate court is not authorized to consider documents attached to an appellate brief which are not part of the record). We express no opinion on the State's contention regarding the scope of discovery designated in the request the State has provided.

lant sought discovery under article 39.14(a), we are unable to say the trial court abused its discretion by admitting his penitentiary packet as punishment evidence. We overrule appellant's second issue.

First Issue

■ In his first issue, appellant asserts the trial court erred by failing to define the words "final" and "finally," as applied to the February 28, 2002, and January 15, 2004 judgments, in the punishment-phase jury charges. Appellant is concerned that a juror might have misperceived the date on which appellant's prior convictions became final.

■ Appellant did not object to the charge but now contends the error he raises made his trial fundamentally unfair. A party must generally make a proper objection in the trial court to preserve the error for appeal. *See* TEX. R. APP. P. 33.1(a). However, in criminal cases courts may "take notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved." TEX. R. EVID. 103(e). Fundamental error includes jury charge errors resulting in egregious harm. *Baker v. State*, No. 02-14-00157-CR, 2015 WL 392640, 2015 Tex. App. LEXIS 846 (Tex. App.–Fort Worth Jan. 29, 2015, no pet.) (per curiam, mem. op. on reh'g, not designated for publication) (citing *Saldano v. State*, 70 S.W.3d 873, 887–89 (Tex. Crim. App. 2002)). Reversal on a claim of egregious harm is possible "only if the error was fundamental in the sense that it was so egregious and created such harm that the defendant was deprived of a fair and impartial trial." *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015); *Almanza v. State*, 686 S.W.2d 157, 171–72 (Tex. Crim. App. 1985) (op. on reh'g). We do not undertake the egregious harm analysis unless charge error is first shown.

*Tear v. State*, 74 S.W.3d 555, 561–62 (Tex. App.–Dallas 2002, pet refused).

■ Article 36.14 of the Code of Criminal Procedure requires that the trial court deliver to the jury a "written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Trial courts have "broad discretion" in submitting proper definitions and explanatory phrases to aid the jury. *Nava v. State*, 379 S.W.3d 396, 420 (Tex. App.–Houston [14th Dist.] 2012), *aff'd*, 415 S.W.3d 289 (Tex. Crim. App. 2013).

■ Section 12.42(d) of the Texas Penal Code provides that a defendant's punishment may be enhanced if:

[I] it is shown on the trial of a felony offense other than a state jail felony ... that the defendant has previously been *finally* convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become *final*, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX. PENAL CODE ANN. § 12.42(d) (emphasis added). Enhancement under this statute thus requires the State to prove a sequence of events: the first conviction became final, an offense leading to a later conviction was committed, the later conviction became final, and the defendant subsequently committed the present offense. *Jordan v. State*, 256 S.W.3d 286, 290–91 (Tex. Crim. App. 2008).

■ Establishing a prior conviction requires that the State prove beyond a reasonable doubt the existence of the prior conviction and the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). A

defendant may be linked to a prior conviction through independent evidence such as expert testimony connecting the fingerprints from the judgment in the prior conviction with the defendant's known fingerprints. *Collins v. State*, No. 05-10-01059-CR, 2012 WL 661686, 2012 Tex. App. LEXIS 1636 (Tex. App.–Dallas Mar. 1, 2012, pet. refused) (not designated for publication) (citing *Banks v. State*, 158 S.W.3d 649, 652 (Tex. App.–Houston [14th Dist.] 2005, pet. refused)); *Fontenot v. State*, 704 S.W.2d 126, 127 (Tex. App.–Houston [1st Dist.] 1986 no pet.).

▮ Here, appellant challenges the State's proof that he was finally convicted of two prior felonies and the second prior felony conviction was for an offense that occurred after the first prior conviction became final. *See* TEX. PENAL CODE ANN. § 12.42(d). Absent a notice of appeal, a conviction is final on the date sentence is imposed. *Woolsey v. State*, 166 Tex.Crim. 447, 314 S.W.2d 298, 300 (1958); *cf. Jones v. State*, 77 S.W.3d 819, 824 (Tex. Crim. App. 2002) (holding in case of driver's license suspension for prior drug-offense conviction "a conviction which appears to be regular, valid and final on its face, does not lack finality merely because the defendant still has an opportunity to appeal that conviction"). Prima facie proof of a prior conviction is made by introduction of the prior judgment and sentence. *Johnson v. State*, 583 S.W.2d 399, 403 (Tex. Crim. App. 1979). Once the State makes prima facie proof of an enhancement conviction, finality of the conviction is presumed if the record is silent regarding finality. *Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007). The defendant then assumes the burden of proving the conviction was not final. *Id.*; *Ashley v. State*, 527 S.W.2d 302, 305 (Tex. Crim. App. 1975) ("when a conviction appears to be final on its face, as here, the burden of showing the same to

be not final is on the defendant"); *see Jones*, 77 S.W.3d at 822–823 (internal footnoted citations omitted) ("Thus, when the State offers into evidence a certified copy of a judgment and sentence, it has made a prima facie case that the conviction reflected within that judgment and sentence is a final conviction worthy of respect. That evidence is legally and factually sufficient to prove that a prior conviction is a final conviction absent any evidence to the contrary. If the judgment of conviction has been set aside, vacated or appealed, the defendant must offer some evidence to support that fact").

▮ But if the record evidence establishes the prior conviction was appealed, the conviction "becomes final when the appellate court issues its mandate affirming the conviction." *Beal v. State*, 91 S.W.3d 794, 796 (Tex. Crim. App. 2002). In such cases, the State must demonstrate when the conviction became final. *Ex parte Chandler*, 182 S.W.3d 350, 358 (Tex. Crim. App. 2005) (Keller, P.J., concurring) (citing *Beal*, 91 S.W.3d at 797) ("if the State's proof of the prior conviction shows on its face that the conviction was appealed, the State must put on evidence that mandate has issued").

Here there is no evidence that either prior conviction was appealed or was otherwise not final. It is thus presumed the first prior judgment was final on February 28, 2002, and the second prior judgment was final on January 15, 2004. The offense for which appellant was convicted in the second prior judgment occurred on July 7, 2003. Appellant made no attempt to rebut the presumption of finality. There was therefore no fact concerning finality for the jury to find. The trial court did not err in failing to instruct the jury as appellant now argues. *See Buchanan v. State*, 453 S.W.2d 479, 484 (Tex. Crim. App. 1970) (refusal of requested charge is not error

where evidence raises no issue of fact to require its submission); *Campbell v. State*, 633 S.W.2d 592, 594 (Tex. App.–Amarillo 1982, pet. refused) (citing *Buchanan*).

Because we find no abuse of discretion, an egregious harm analysis is not applicable. Appellant's first issue is overruled.

Third Issue

■ In his third issue, appellant asserts the evidence for enhancement was insufficient. He argues the February 28, 2002 judgment revoking probation provides no evidence of a final conviction on that date.

■ We apply the *Jackson v. Virginia* standard to determine the sufficiency of evidence proving enhancement of punishment. *Andrus v. State*, Nos. 05–08–00703–CR, 05–08–00704–CR, 2010 WL 797196, at *6–7, 2010 Tex. App. LEXIS 1665, at *19 (Tex. App.–Dallas Mar. 10, 2010, no pet.) (not designated for publication) (citing *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Applying that standard, we consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential proof requirements beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318–19, 99 S.Ct. 2781; *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).

■ The principles announced in *Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997), apply to affirmative findings necessary to sustain imposition of an enhanced punishment. *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000). Accordingly, we measure the sufficiency of the evidence to support the enhancement by the elements of the hypothetically correct jury charge for the enhancement, as it is defined by statute. *Id.* Here, the elements of proof required for enhancement under Penal Code section 12.42(d) are the sequential events set out in the statute. *Jordan*, 256 S.W.3d at 290–91.

The judgment contained in State's Exhibit 20 in proof of the first enhancement allegation, that in cause no. 2000–580–C, was signed February 28, 2002. It is entitled, "Judgment Revoking Probation." It states appellant's offense of burglary of a habitation was committed April 14, 2000. It states the "date of judgment," and the "date of probation order" as November 28, 2000. It states the "original punishment assessed" as "7 years in the Texas Department of Criminal Justice, Institutional Division Probated for 5 years." It states the "date sentence imposed," as February 28, 2002; the "punishment and place of confinement" as "5 years in the Texas Department of Criminal Justice, Institutional Division and a fine of $500.00"; and the "date to commence" as February 28, 2002.

■ Among its attributes, the hypothetically correct jury charge is one that "accurately sets out the law." *Malik*, 953 S.W.2d at 240. A hypothetically correct jury charge addressing the first enhancement allegation would recognize Texas law on the finality, for purposes of enhancement under section 12.42, of felony convictions for which punishment is suspended and probation is granted. In such a case, the conviction is not final under section 12.42 until the probation is revoked. "A probated sentence is not a final conviction for enhancement purposes under § 12.42 unless it is revoked." *Jordan v. State*, 36 S.W.3d 871, 875 (Tex. Crim. App. 2001); *see also Donaldson v. State*, 476 S.W.3d 433, 438 (Tex. Crim. App. 2015) (under Texas law, probated sentence not final for purposes of enhancement until probation revoked); *Franklin v. State*, 219 S.W.3d

92, 96 (Tex. App.–Houston [1st Dist.] 2006, no pet.) (same).[7]

A rational juror, accurately instructed on the law regarding finality under section 12.42(d) of probated sentences, would readily conclude from the information reflected in the judgment in cause 2000–580–C that appellant's conviction was final on February 28, 2002, the date appellant's probation was revoked and he was sentenced to a term of confinement.

The body of the February 28 judgment contains the statement "it appears that on November 28, 2000 ... [appellant] was finally convicted of a felony ...." A juror confused on the law of finality might have believed appellant's conviction actually was final on that date, but that erroneous belief would not affect even that juror's correct verdict that the first enhancement conviction became final before appellant committed the second offense on July 7, 2003. The evidence appellant's burglary conviction was final on February 28, 2002, and the evidence it became final before he committed the second enhancement offense, was sufficient.

In support of his third issue, appellant also points out what he sees as a variance between the cause number stated in the February 28, 2002 first enhancement judgment, that being cause number 2000–580–C, and the cause number referred to in the enhancement allegation in the indictment in his current prosecution, stated as cause number 00–580–C. The variance is not material. The indictment correctly alleged the convicting court, county of conviction, offense and date of conviction. Appellant did not demonstrate in the trial court and he does not argue here that the incomplete cause number misled him to his prejudice.

*See Byrd v. State,* 336 S.W.3d 242, 247–48 (Tex. Crim. App. 2011) (materiality of variances); *Cole v. State,* 611 S.W.2d 79, 80 (Tex. Crim. App. [Panel Op.] 1981) (comparable variance in enhancement allegation not fatal). Nor would the variance be reflected in the hypothetically correct jury charge by which we determine the sufficiency of the evidence. *Byrd,* 336 S.W.3d at 248.

Appellant's third issue is overruled.

Fourth Issue

■■■■ In his fourth issue appellant asserts the trial court reversibly erred by commenting on his Fifth Amendment right not to testify in front of the jury. During the State's punishment argument appellant spoke out in open court, interrupting the prosecutor[8] and prompting the trial court to state, "Sir, you can't speak. This is not your time. You chose not to testify. You will remain quiet. You may proceed." Appellant's counsel made no objection.

■■■■ Ordinarily, a complaint regarding an improper judicial comment must be preserved at trial. TEX. R. APP. P. 33.1(a); *Unkart v. State,* 400 S.W.3d 94, 99 (Tex. Crim. App. 2013); *Jasper v. State,* 61 S.W.3d 413, 420–21 (Tex. Crim. App. 2001). Even claims of constitutional error may be waived if not properly brought to the attention of the trial court. *See Wright v. State,* 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (waiver of objection under Confrontation Clause). An exception to the general rule applies if a trial court's comment amounts to fundamental error. TEX. R. EVID. 103(e); *Unkart,* 400 S.W.3d at 99. The comments of a trial court may amount to fundamental error if they "bear on the

---

7. *See* State Bar of Texas, TEXAS CRIMINAL PATTERN JURY CHARGES: GENERAL, EVIDENTIARY & ANCILLARY INSTRUCTIONS CPJC 12:2 (punishment instructions) (2015).

8. Apparently responding to the prosecutor's mention of a burglary, appellant interrupted, stating, "And I got shot in the face. I got shot in the face by a gun."

presumption of innocence or vitiate the impartiality of the jury." *Jasper,* 61 S.W.3d at 421; *Powell v. State,* 252 S.W.3d 742, 744–45 (Tex. App.–Houston [14th Dist.] 2008, no pet.).

Here the court's comment did not bear on the presumption of innocence since it occurred at the punishment phase of trial. The jury had already found appellant guilty.

As for its potential to vitiate the jury's impartiality, we consider the court's statement in its context, as the court was restoring order after appellant's interruption of the State's argument. *See Oulare v. State,* 76 S.W.3d 231, 232 (Tex. App.–Amarillo 2002, no pet.) (judge's comment .viewed within its context). The jury would expect the court to admonish appellant to remain quiet. In that context, we cannot see the court's reference to appellant's exercise of his right not to testify as rising to the level of fundamental error.

■ Moreover, the context includes also the court's punishment charge to the jury, which included this instruction:

> Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this phase, the defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

An appellate court generally presumes the jury followed instructions. *Thrift v. State,* 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). We are not shown that the jury failed to heed the instruction. *Id.* (noting a defendant may rebut the presumption by pointing to evidence the jury failed to follow the instruction).

Because the record does not show the trial court committed fundamental error it was necessary for appellant to preserve the complaint he now urges. Because he chose not to raise the complaint in the trial court, his fourth issue was not preserved for our review. TEX. R. APP. P. 33.1(a). Appellant's fourth issue is overruled.

### Conclusion

Having overruled each of appellant's issues, we affirm the judgments of the trial court.