

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00187-CR

**THE STATE OF TEXAS,**

**Appellant**

**v.**

**DWAYNE ROBERT HEATH,**

**Appellee**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2017-241-C2**

## O P I N I O N

The State appeals from an order granting a motion to exclude evidence based on an alleged violation of article 39.14 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14 (West Supp. 2018). Eleven days prior to the fourth jury trial setting in this proceeding, the prosecutor discovered the existence of a 9-1-1 call that had been made on the day of the alleged offense. The prosecutor received the recording four days later and produced the recording to Heath's attorney the next day, which was six

days before the scheduled jury trial date. Heath filed a "Writ for Habeas Corpus and Motion to Exclude Evidence" which was heard by the trial court on the day of the trial setting. The trial court excluded the recording based on the prosecutor's failure to produce the recording "as soon as practicable" pursuant to article 39.14(a) of the Code of Criminal Procedure and Heath's objection to a continuance. The State filed this interlocutory appeal pursuant to article 44.01(a)(5) of the Code of Criminal Procedure and *Medrano v. State*, 67 S.W.3d 892 (Tex. Crim. App. 2002). The State complains that the trial court abused its discretion by granting Heath's motion to exclude the 9-1-1 recording.

We review a trial court's order to exclude evidence withheld from a defendant in violation of a discovery order for an abuse of discretion. *Francis v. State*, 428 S.W.3d 850, 855 (Tex. Crim. App. 2014). While this is not a discovery "order" as contemplated by prior versions of article 39.14 which required an order by the trial court, we find that the same standard of review applies to requests made pursuant to the amended article 39.14(a).

Heath was indicted for the charged offense on February 15, 2017. Counsel for Heath was appointed thereafter, and on March 23, 2017, counsel for Heath emailed a request to the State that stated in its entirety: "Can I get discovery on this client? Cause #2017-241-C2". Heath asserts that this request was sufficient for the State to have been required to produce the recording pursuant to article 39.14 of the Code of Criminal Procedure. Heath also filed a motion for the trial court to order the State to produce CPS

records, which was granted, but otherwise, nothing in the record indicates that Heath requested any further discovery beyond his initial request.

Article 39.14(a) of the Code of Criminal Procedure states that:

(a) Subject to the restrictions provided by Section 264.408, Family Code, and Article 39.15 of this code, as soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state.

TEX. CODE CRIM. PROC. ANN. art. 39.14(a). In order to trigger the requirements of article 39.14(a), we have held that the defendant must timely request discovery and that the request must designate which items are requested to be produced before the State is required to produce them. *See Hinojosa v. State*, 2018 Tex. App. LEXIS 5744 at *2, 2018 WL 3580780 (Tex. App.—Waco July 25, 2018, no pet. h.); *see also Davy v. State*, 525 S.W.3d 745, 750 (Tex. App.—Amarillo 2017, pet. ref'd) (noting that "by its 2013 amendments, the Legislature retained in article 39.14(a) the concept that discovery applies to items 'designated.'"). The request in this proceeding did not even reference article 39.14 and did not designate any items sought to be produced. We do not find that this is sufficient to give the State notice of what is requested to be produced pursuant to article 39.14(a). Therefore, the prosecutor was not under a duty to produce the recording pursuant to

article 39.14(a). Because there was no duty to produce the recording pursuant to article 39.14(a), the trial court abused its discretion by excluding the recording on this basis. We sustain the State's issue.

## CONCLUSION

Because the State was under no duty to produce discovery pursuant to article 39.14(a) of the Code of Criminal Procedure without a sufficient request, the trial court abused its discretion by excluding evidence based on a violation of that statute. We reverse the order granting the motion to exclude evidence and remand this case to the trial court for further proceedings.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and remanded
Opinion delivered and filed October 31, 2018
Publish
[CR25]

