**Opinion issued November 22, 2022**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00608-CR

———————————

**OLIVER Q. MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1516938**

## MEMORANDUM OPINION

A jury found appellant Oliver Q. Martinez guilty of the offense of aggravated

assault of a public servant. *See* TEX. PENAL CODE §§ 22.01, 22.02(a)(2), (b)(2)(B).

After finding the allegations in an enhancement paragraph true, the jury assessed

Martinez's punishment at life in prison and a $10,000 fine. In one issue, Martinez

contends that the evidence was legally insufficient to support the jury's finding that the allegations in the enhancement paragraph were true.

We affirm, as modified.

## Background

Around midnight on July 14, 2016, Sergeant I. Hernandez of the Houston Police Department responded to a kidnapping report. Martinez was the suspect. The vehicle, a Lexus, reportedly involved in the kidnapping was located at a Houston motel. Sergeant Hernandez and eight other police officers went to the motel where they found the Lexus parked in front of Room 134. Sergeant Hernandez spoke with motel management and determined that someone matching Martinez's description was in Room 134. Sergeant Hernandez and two other officers made a tactical approach, standing to the side of the room's door. The other officers took cover behind nearby parked cars. Sergeant Hernandez knocked on the door and announced that they were Houston police officers.

At trial, Sergeant Hernandez testified that he then heard the sound of a rifle "racking," meaning that he heard the sound of a round being put "into the chamber of the weapon." The officers "immediately began to take fire from [Martinez]." Sergeant Hernandez and the other officers jumped back for safety. Sergeant Hernandez called for backup, including a SWAT team. Sergeant Hernandez testified that Martinez continued to fire "indiscriminately" at the officers. Sergeant

2

Hernandez and the other officers stood behind vehicles in the parking lot as Martinez continued to shoot at them. Sergeant Hernandez could hear rounds hitting the vehicles and going over his head.

Martinez continued shooting sporadically at the officers for over an hour and a half. The officers never returned fire. Ultimately, the SWAT team took Martinez into custody. Investigators determined that Martinez had fired 105 rounds at the officers, using both an AK-47 rifle, from which 90 rounds were fired, and a 9-millimeter handgun, from which 15 rounds were fired.

Martinez was charged with the offense of aggravated assault of a public servant. The indictment alleged that, on July 14, 2016, Martinez had "unlawfully, intentionally and knowingly threatened [Sergeant Hernandez] with imminent bodily injury . . . while [Sergeant Hernandez] was lawfully discharging an official duty, by using and exhibiting a deadly weapon, namely A FIREARM, knowing that [Sergeant Hernandez] was a public servant." The indictment also included two enhancement paragraphs.

The jury found Martinez guilty of the charged offense of aggravated assault of a public servant. The trial court ruled that the enhancement allegations in the second paragraph would not be submitted to the jury. Martinez pleaded "not true" to the enhancement allegations in the first paragraph, which alleged that, before the

commission of the primary offense, Martinez had been convicted of the felony offense of aggravated assault on March 20, 1998.

To prove the enhancement allegations in the first paragraph, the State offered into evidence a pen packet, authenticated by a custodian of records for the Texas Department of Criminal Justice. The pen packet contained (1) a judgment of conviction, dated March 20, 1998, reflecting that Oliver Martinez had been convicted of the offense of aggravated robbery, (2) photographs of Martinez, and (3) a card with Martinez's fingerprints.

During the punishment phase, the State called fingerprint identification expert Deputy D. Medina of the Harris County Sherriff's Office. She testified that, earlier that day, she had taken Martinez's fingerprints to use as a comparison. Deputy Medina stated that she had compared those fingerprints with the fingerprints on the card in the pen packet for the 1998 aggravated-assault conviction. She testified that the fingerprints that she had taken from Martinez matched the fingerprints on the card in the pen packet.

Although not used for enhancement purposes, Deputy Medina also testified that the fingerprints that she had obtained from Martinez matched the fingerprints from other criminal cases in which Martinez had been convicted. Deputy Medina testified that Martinez's fingerprints matched prints from another pen packet for a conviction for the offense of felon in possession of a weapon. Martinez's fingerprint

4

also matched the fingerprint on a judgment of conviction for the felony offense of organized crime. And Deputy Medina testified that Martinez's fingerprint matched the print on two separate judgments of conviction reflecting that Martinez had been twice convicted of the offense of assault of a family member.

The jury was instructed that, if it found the allegations in the first enhancement paragraph to be true, it would then assess Martinez's punishment at confinement in prison for not less than 15 years nor more than 99 years or life, and it could also assess a fine of up to $10,000. *See* TEX. PENAL CODE § 12.42(c)(1) (providing that punishment range for first-degree felony enhanced by prior felony conviction is life imprisonment or any term between 15 and 99 years plus maximum $10,000 fine); *id.* § 22.02(b)(2)(B) (stating that aggravated assault of public servant is first-degree felony). After finding the allegations in the first enhancement paragraph to be true, the jury assessed Martinez's punishment at life in prison and a $10,000 fine. This appeal followed.

## Sufficiency of the Evidence

In one issue, Martinez challenges the sufficiency of the evidence to support the jury's finding of true for the allegations in the first enhancement paragraph, which alleged that Martinez had been convicted of the felony offense of aggravated assault on March 20, 1998.

## A.    Standard of Review

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "No specific document or mode of proof is required to prove these two elements." *Id.* To review the sufficiency of the evidence linking a defendant to a prior conviction used for enhancement purposes, an appellate court considers all the evidence in the light most favorable to the factfinder's finding and determines whether a rational trier of fact could have found the essential elements beyond a reasonable doubt. *Henry v. State*, 509 S.W.3d 915, 919 (Tex. Crim. App. 2016).

## B.    Analysis

Prima facie proof of a prior conviction is made by the introduction of the prior judgment and sentence. *Davy v. State*, 525 S.W.3d 745, 752 (Tex. App.—Amarillo 2017, pet. ref'd) (citing *Johnson v. State*, 583 S.W.2d 399, 403 (Tex. Crim. App. 1979)). The State may prove the existence of a prior conviction with a certified judgment and sentence or any document that is the functional equivalent of the judgment and sentence. *See Martin v. State*, 227 S.W.3d 335, 337 (Tex. App.—Houston [1st Dist.] 2007, no pet.). To be used for enhancement purposes, the prior conviction must be a conviction that became final before the date of the commission

of the primary offense. *See Russell v. State*, 790 S.W.2d 655, 657 (Tex. Crim. App. 1990); *see also* TEX. PENAL CODE § 12.42(c)(1) (enhancing punishment for first-degree felony if accused has been finally convicted of non-state-jail felony).

Here, the State's evidence included a pen packet authenticated by a custodian-of-records affidavit for the Texas Department of Criminal Justice. The affidavit stated that "true and correct copies of information provided on inmate MARTINEZ, OLIVER" were attached. Attached to the affidavit were (1) a prior judgment of conviction naming "Oliver Martinez" as the defendant, (2) photographs of Martinez, and (3) a fingerprint card. The judgment, from the 351st District Court of Harris County, was signed on March 20, 1998. It reflected that Martinez was convicted of the offense of aggravated assault. Under the heading "Terms of the Plea Bargain," the judgment stated, "4 year[s] TDCJ-ID," and it reflected that the punishment imposed on Martinez was four years in prison.

Martinez does not dispute that the State offered sufficient evidence to prove the existence of the 1998 conviction. Instead, Martinez disputes whether the State offered sufficient evidence to prove that the 1998 conviction was a final conviction. Martinez recognizes that the 1998 conviction resulted from a plea bargain with the State, but he asserts that "it is unclear if there was an agreed recommendation by the State at the time of the plea or whether [he] had the right to appeal this conviction."

Martinez also asserts that none of the State's evidence indicates whether he appealed the prior conviction.

Once the State adduces prima facie proof of an enhancement conviction, the finality of the prior conviction is presumed if the record is silent regarding finality. *Davy*, 525 S.W.3d at 752 (citing *Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007)). At that point, the defendant assumes the burden of proving the prior conviction was not final. *Id.*; *see Ashley v. State*, 527 S.W.2d 302, 305 (Tex. Crim. App. 1975) ("[W]hen a conviction appears to be final on its face, the burden of showing the same to be not final is on the defendant.").

Here, the State offered sufficient evidence to prove the existence of the 1998 conviction, and the record is otherwise silent regarding finality. That is, the evidence adduced did not raise a question about a lack of finality. For instance, nothing in the record indicates that Martinez appealed the 1998 conviction. *Cf. Tate v. State*, 414 S.W.3d 260, 265 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Thus, Martinez's March 20, 1998 conviction for aggravated assault is presumed to be final, and Martinez did not rebut that presumption. *See Davy*, 525 S.W.3d at 752.

The State was also required to link the 1998 conviction to Martinez. The State may establish a link between a defendant and the prior conviction by offering expert testimony connecting the fingerprints from the documentary evidence of the prior conviction with the defendant's known fingerprints. *See Banks v. State*, 158 S.W.3d

8

649, 652 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd); *Fontenot v. State*, 704 S.W.2d 126, 127 (Tex. App.—Houston [1st Dist.] 1986, no pet.).

Fingerprint expert Deputy Medina testified that the fingerprints she obtained from Martinez earlier that day matched the fingerprints in the pen packet for the 1998 aggravated-assault conviction. She stated that the two sets of fingerprints were the "same" and that the fingerprints in the pen packet belonged to Martinez—the defendant in this case. The pen packet also contained two photographs of Martinez, comprised of a front- and side-view of his face. *See Littles v. State*, 726 S.W.2d 26, 32 (Tex. Crim. App. 1987) (op. on reh'g) (holding that combination of expert testimony concerning fingerprint comparison and photographs in pen packet from earlier conviction, which jury could use for comparison to appellant, was sufficient evidence to show link between appellant and earlier conviction).

Viewing the evidence in the light most favorable to the jury's findings, we conclude that a rational trier of fact could have found the allegations in the first enhancement paragraph to be true beyond a reasonable doubt. Accordingly, we hold that the evidence was sufficient to support the jury's finding of true.

We overrule Martinez's sole issue.

## Modification of Judgment

Martinez also contends that the trial court's judgment should be modified to correct several non-reversible errors in the judgment. We agree.

The judgment incorrectly states that Martinez pleaded true to the first enhancement paragraph when the record shows that he pleaded not true. The judgment also incorrectly states that Martinez pleaded true to the second enhancement paragraph and that the jury found the second enhancement paragraph to be true. But the record reflects that Martinez did not enter a plea to the second enhancement paragraph and that the jury did not make a finding for that paragraph because the trial court did not permit the second enhancement paragraph to be submitted to the jury. Finally, the judgment incorrectly reflects that the trial court assessed Martinez's punishment when the record shows that his punishment was assessed by the jury.

We have the authority to modify a judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 28 (Tex. Crim. App. 1993); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Accordingly, we modify the trial court's judgment to reflect (1) that Martinez pleaded not true to the first enhancement paragraph; (2) that Martinez's plea and the finding on the second enhancement paragraph are not applicable; and (3) that the jury assessed Martinez's punishment.

## Conclusion

As modified, we affirm the judgment of the trial court.

Richard Hightower
Justice

Panel consists of Justices Goodman, Hightower, and Guerra.

Do not publish.  Tex. R. App. P. 47.2(b).