

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00215-CR

**MICHAEL DAVID SPARKS, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 081638-A-CR, Honorable Dee Johnson, Presiding

April 12, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Michael David Sparks appeals from his conviction for the state jail felony offense of possessing methamphetamine in an amount less than one gram and the accompanying sentence of eight years in prison. His punishment was enhanced by two prior felony convictions. He challenges his conviction through two issues, arguing 1) the State failed to provide sufficient proof linking the final felony convictions it used to enhance his punishment, and 2) the trial court erred in not conducting an on-the-record inquiry into his ability to pay court costs. We affirm.

***Background***

An officer stopped appellant after he saw him riding a motorized scooter without registration. Once stopped, the officer noted appellant was compliant but "consistently kept putting his hand by his pockets." This led the officer to believe he might be hiding weapons or contraband, so he requested consent to search appellant's pockets. Appellant consented, and the officer found a clear baggy that was tied in a knot. The bag was small and "contained crystals that [the officer] knew to be the form or typically the form of methamphetamine." He placed appellant under arrest. The substance was later tested and found to contain .11 gram of methamphetamine.

At trial, appellant was found guilty as charged in the indictment. During the punishment phase and over appellant's objection, the State introduced into evidence a document certified by the Department of Corrections, Commonwealth of Kentucky. That document ostensibly showed appellant had been finally convicted of felony offenses in Kentucky. Two of the offenses were utilized by the State to enhance the punishment range of appellant's offense from a state jail felony to that of a second-degree felony. At the close of evidence, the jury assessed punishment against appellant at eight years of confinement in prison. The court also assessed against appellant $420.00 in costs to be paid upon release on parole or completion of his sentence.

***Issue One—Sufficiency of Proof Linking Appellant to Prior Convictions***

Via his first issue, appellant claims the State failed to provide sufficient proof to link him to the final felony convictions in Kentucky, and thus, the punishment range was improperly enhanced. We overrule the issue.

To show appellant had been convicted of the prior offenses, the State had to prove 1) that the prior convictions exist, and 2) that appellant is linked to them. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "No specific document or mode of proof is required to prove these two elements." *Id.* While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both elements in a number of different ways; those ways include "documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted." *Id.* at 921-22.

"Regardless of the type of evidentiary puzzle pieces the State offers to prove the existence of a prior conviction and its link to a defendant, the factfinder determines if the pieces fit together sufficiently to complete the puzzle." *Harper v. State*, Nos. 01-22-00249-CR, 01-22-00250-CR, 2023 Tex. App. LEXIS 9535, at *6 (Tex. App.—Houston [1st Dist.] Dec. 21, 2023, no pet.) (mem. op., not designated for publication). The trier of fact must consider the evidence as a whole, as each piece of evidence may provide little meaning if considered in isolation. *Id.* The factfinder looks at the totality of evidence admitted concerning the prior conviction to determine whether the two elements can be found beyond a reasonable doubt. *Id.* If so found, then "the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction." *Id.*

On appeal, appellant argues the Kentucky document is not sufficient to show he was finally convicted of the felonies. Further, he claims that while the document shows a name, date of birth, age, social security number, and other information such as cause number, conviction date, offense, and sentence length, it does not state that appellant was the person convicted or that the convictions were final convictions as required by

3

Penal Code section 12.425(b). *See* TEX. PENAL CODE ANN. § 12.425(b). Further, appellant asserts, the Kentucky document does not contain a photograph or thumbprint from which the convictions could be linked to him.

First, the record at bar shows an officer testified that the name of the person he stopped was Michael Sparks. He also obtained his birthdate and other identifying information during the stop, which identifying information originated from Kentucky. The name and birthdate obtained matched the ones on the Kentucky record or document containing the Kentucky convictions.

Second, the Kentucky record was certified. It also 1) contained identifying information, 2) specified the offenses for which the subject was convicted, and 3) specified the sentences, time actually served, conviction dates, and jail credit. This constituted prima facie evidence of the Kentucky convictions. Furthermore, "[o]nce the State makes prima facie proof of an enhancement conviction, finality of the conviction is presumed if the record is silent regarding finality." *Davy v. State*, 525 S.W.3d 745, 752 (Tex. App.—Amarillo 2017, pet. ref'd). Absent from the record is evidence suggesting the Kentucky convictions were not final. Thus, sufficient evidence supported the conclusion that the documents were final convictions from a Kentucky court.

Third, the Kentucky documents introduced by the State included appellant's name, middle initial, birthdate, age, race (white), and pertinent conviction dates for each conviction.[1] This information matched the name, middle initial, birthdate, age, and race of appellant. To paraphrase *Richard v. State*, No. 06-13-00068-CR, 2013 Tex. App. LEXIS 15119 (Tex. App.—Texarkana Dec. 17, 2013, pet. dism'd) (mem. op.). "[w]hile it is

---

[1] Incidentally, each conviction comported with the enhancement allegations in the indictment.

4

conceivable that another [Michael David Sparks] born on [August 14, 1962], committed this offense[s] in [Spark's] home State of [Kentucky], such an instance is unlikely." *Id.* at *16. We find this evidence more than legally sufficient to prove the existence of two prior convictions in Kentucky and appellant being the subject of them.

### *Issue Two—Failure to Conduct an On-The-Record Inquiry of Ability to Pay*

Through his second issue, appellant contends the trial court erred in failing to conduct, on the record, an inquiry into his ability to pay court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (providing that "during or immediately after imposing a sentence . . . a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs"). Appellant requests that we remand this matter for that inquiry. We overrule the issue.

The judgment here ordered appellant to pay $420.00 in costs but ordered that he pay it upon his release on parole or completion of his sentence. No hearing or inquiry into appellant's ability to pay appears in the record, nor does it appear appellant waived the requirement for such an inquiry as permitted by article 42.15(a-2). *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-2). Nevertheless, the trial court found him unable to pay same and delayed the payment until "release on parole or completion of his/her sentence."

We recently addressed like circumstances in *Stanberry v. State*, No. 07-23-00194-CR, 2024 Tex. App. LEXIS 1066 (Tex. App.—Amarillo Feb. 9, 2024, no pet.) (mem. op., not designated for publication) and *Mayo v. State*, No. 07-23-00243-CR, 2024 Tex. App. LEXIS 2396 (Tex. App.—Amarillo April 4, 2024, no pet. h.) (op. on reh'g). In neither did the trial court conduct the requisite hearing "on the record." Nevertheless, in both, the

5

trial court ordered that payment of the costs occur upon the defendant's release via parole or on completion of sentence. These circumstances lead us to conclude that 1) the trial court had found appellant unable to pay and 2) remanding the matter to the trial court to undertake a "gratuitous inquiry" into appellant's financial status was an unnecessary exercise wasting judicial resources. *Stanberry*, 2024 Tex. App. LEXIS 1066, at *6. Should it be discovered that his financial resources upon release were insufficient, appellant was also free to seek relief then. *Id.* at *6-7. The same is no less true here. Thus, on the authority of *Stanberry* and *Mayo*, we reject issue two.

Having overruled each of appellant's issues, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.