

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00029-CR

FRANKIE HAIGOOD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 082639-D-CR, Honorable Steven Denny, Presiding

November 6, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Frankie Haigood, appeals the trial court's judgment memorializing his conviction for engaging in deadly conduct. Through his sole issue, he maintains that the trial court's judgment should be reformed to reflect two days of credit toward his ten-year sentence rather than just one reflected in the judgment. We affirm the judgment as executed by the trial court.

*Discussion*

Article 42.03 provides that the trial court shall give the defendant credit on the defendant's sentence for the time the defendant spent "in jail for the case" from the time of his arrest and confinement until his sentencing. *See* TEX. CODE CRIM. PROC. art. 42.03, § 2; *Ex parte Jasper*, 538 S.W.2d 782, 785 (Tex. Crim. App. 1976). Allegedly, appellant was 1) taken into custody in the late hours of the night on June 10, 2022; 2) initially transported to a hospital to be medically cleared; 3) eventually booked into the Potter County jail in the wee hours of June 11, 2025; and 4) bonded out of jail on the day of booking. Those purported circumstances reveal, according to appellant, entitlement to two days' jail credit against his ensuing ten-year sentence. We reject the contention for several reasons.

First, the argument is inadequately briefed. Aside from quoting the aforementioned statute, he provides no substantive discussion explaining its application to the circumstances at hand. For instance, and assuming the appellate record contains evidence supporting his factual claims, nowhere does he attempt to illustrate (or cite authority showing) how the several hours involved here can morph into "two days." Does the mere happenstance of being arrested at 11:59 p.m. and released three minutes later at 12:02 a.m. equal two days simply because the arrest occurred on one calendar day and the release on the next? Is that how one must calculate jail time credit? Or, to paraphrase Cousin Vinny, "perhaps the laws of physics cease to exist [in the Potter County jail]" thereby making time pass at a quicker pace? Appellant seemingly wants us to answer one or more of these basic questions in his favor without his assistance through substantive argument and citation to authority. But, the burden was his to supply just that

2

in his appellate brief.  *See* TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011).  Because he did not, he waived his complaint.  *See Schwartz v. State*, 07-23-00274-CR, 2024 Tex. App. LEXIS 5898, at *15 (Tex. App.—Amarillo Aug. 15, 2024, pet. ref'd) (mem. op., not designated for publication).

Second, the only document supposedly establishing when appellant was confined in jail is an unauthenticated copy of an email appended to his appellant's brief.  Said email was not part of the appellate record filed with us.  And, this is fatal since we may not consider matters outside the appellate record.  *See* TEX. R. APP. P. 34.1; *Davy v. State*, 525 S.W.3d 745, 750 n.6 (Tex. App.—Amarillo 2017, pet. ref'd); *Viscaino v. State*, 513 S.W.3d 802, 814 (Tex. App.—El Paso 2017, no pet.).  Nor does any evidence within the same appellate record demonstrate when appellant was released from jail on bond.  Without that, pivotal components to calculating jail time credit are missing.

We overrule appellant's sole issue and affirm the trial court's judgment.


Brian Quinn
Chief Justice


Do not publish.