

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00270-CR

_____

ZANE DRAYSON HOLLINGSWORTH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 33531B, Honorable Titiana Frausto, Presiding

April 30, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

After Appellant, Zane Drayson Hollingsworth, was placed on deferred adjudication community supervision, the State subsequently moved the trial court to adjudicate guilt. Appellant pleaded true to two of three allegations in the State's motion. After hearing, the trial court found all three allegations against Appellant to be true, revoked his community supervision, and adjudicated him guilty of the underlying offense of evading arrest or

detention with a motor vehicle.[1]  By his two issues, Appellant challenges his conviction claiming: (1) the trial court improperly permitted witnesses to testify as to extraneous acts; and (2) the evidence was insufficient for the trial court to consider the testimony of those witnesses.  We affirm.

## BACKGROUND

Appellant was indicted for evading arrest and detention with a vehicle in July 2024. On July 30, 2024, Appellant pleaded guilty, and the court accepted this plea, ordering him to deferred adjudication community supervision.  On April 8, 2025, the State filed a motion to adjudicate the guilt of Appellant and sought to revoke Appellant's community supervision.  In its *First Amended Motion to Proceed to Adjudication of Guilt*, the State alleged Appellant failed to:

1.  identify himself and gave false identification to a police officer;

2.  report for one or more months to his supervision officer; and

3.  participate in and complete a required education program.

At the hearing on the motion, Appellant pleaded true to the second and third allegation, but not the first.  The State then presented Appellant's community supervision officer and the arresting officer to whom Appellant falsely identified himself.  The community supervision officer testified that Appellant failed to report for his community supervision.  The arresting officer testified that Appellant gave him a false name when questioned in a bar after a traffic stop.  Over Appellant's objections, the trial court also permitted the State to call two ex-girlfriends as witnesses of his extraneous acts.  Both

---

[1] TEX. PENAL CODE § 38.04(b)(2)(A).

2

women testified about Appellant's abusive behaviors toward them, including instances of abuse after each became pregnant with his children. They each testified that Appellant attempted to force them to terminate their respective pregnancies. One of the witnesses testified she suffered miscarriages after Appellant committed acts of violence against her.

At the conclusion of the hearing, the trial court accepted Appellant's pleas of true on the second and third allegations and found that the first allegation was also true. The trial court revoked Appellant's community supervision, finding him guilty of evading arrest or detention with a vehicle. The trial court sentenced Appellant to seven years' imprisonment.

### ANALYSIS

An appellate court's review of an order adjudicating guilt is limited to a determination of whether the trial court abused its discretion. *Daniels v. State*, No. 07-18-00357-CR, 2020 Tex. App. LEXIS 2603, at *4 (Tex. App.—Amarillo Mar. 27, 2020, no pet.). We review a trial court's ruling on the admission of evidence using an abuse of discretion standard. *Davy v. State*, 525 S.W.3d 745, 750 (Tex. App.—Amarillo 2017, pet. ref'd) (citation omitted). The trial court's evidentiary ruling must be upheld if it is within the zone of reasonable disagreement. *Id.* (quotations omitted).

Appellant's first issue complains of the trial court's evidentiary ruling permitting his ex-girlfriends to testify against him at the hearing on the State's *First Amended Motion to Proceed to Adjudication of Guilt*. His second issue complains of the trial court's consideration of that same testimony when it assessed punishment, because testimony related to Appellant's treatment of his former girlfriends was highly prejudicial and

3

irrelevant to his community supervision or the underlying offense. TEX. R. EVID. 402, 403.

He also claims the evidence itself was uncorroborated by any other evidence and thus, legally insufficient for consideration.

Assuming, *arguendo*, the trial court erred in admitting the testimony, the error must be disregarded unless it affected Appellant's substantial rights. TEX. R. APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Thomas v. State*, 505 S.W.3d 916, 926 (Tex. Crim. App. 2016) (quoting *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). If the error did not influence the trial court or had a very slight effect, the verdict and judgment stand. *Id*.

In this case, the trial court articulated its reasons for imposing the seven-year sentence:

> We next deal with the issue of punishment, and what I want to make clear that the Court considers not only the offense that you pled true to back in July of 2024, but on punishment, I also get to take into consideration other offenses, your – your character, other things about you when determining your -- the appropriate sentence for an offense, which also contains the fact that you -- I can understand that you went through a hard time, but then you never decided that reporting to probation was something that you needed to get back on track of. And even after bonding out, you're standing here in front of me months later having never resumed reporting to probation when you knew where to go, you knew who your probation officer was, and you knew how to contact them, and you took zero responsibility to get back on track until you came to court today to ask me to now give you another chance when you have had a chance. As such, having found you guilty of this offense, I am going to sentence you to serve 7 years in the Texas Department of Criminal Justice Institutional Division.

The trial court's reason for imposing the sentence was clearly Appellant's failure to report to his community supervision officer—even after bonding out for trial—and to

4

make any efforts to comply with his community supervision. In its pronouncement, the trial court made no mention of Appellant's extraneous acts, nor did the trial court mention reliance on the ex-girlfriends' testimony in reaching its judgment. Therefore, the error, if any, had a very slight effect on the trial court's judgment. With no reversible error demonstrated by the record, we overrule Appellant's first and second issues.

## CONCLUSION

Having found no abuse of discretion by the trial court, the judgment of the trial court is affirmed.

Laura A. W. Pratt
Justice

Do not publish.